[This decision has been published in *Ohio Official Reports* at 74 Ohio St.3d 501.]

CONTINENTAL WEST CONDOMINIUM UNIT OWNERS ASSN., APPELLANT, *v*.
HOWARD E. FERGUSON, INC.; AIRKO, INC., APPELLEE.

[Cite as *Continental West Condominium Unit Owners Assn. v. Howard E.
Ferguson, Inc*., 1996-Ohio-158.]

*Civil procedure—Contracts—Settlement agreements—Obligee need not accept the
performance, but need only conclude the litigation, when.*

Unless the language employed in the agreed judgment incorporating a settlement
specifically requires the obligee to accept the obligor's performance, the
obligee need not accept the performance, but need only conclude the
litigation.

(No. 94-1618—Submitted November 7, 1995—Decided February 14, 1996.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 66330.

———————————

{¶ 1} Continental West Condominium Unit Owners Association
("Continental"), appellant, sued Airko, Inc. ("Airko"), appellee, and others alleging
construction and materials defects in the installation of a new garage roof at the
Continental West Condominium complex. On the day of trial, the parties signed a
settlement agreement and all claims were dismissed with prejudice. The agreement
provided that Airko would install a new roof for $73,000.

{¶ 2} Shortly thereafter, Continental informed Airko that it had hired
another company to complete the work on the garage roof and released Airko from
its duties under the settlement agreement by filing a notice of satisfaction of
judgment.

{¶ 3} Airko moved the trial court to enforce the agreed judgment, seeking
to install the roof for the amount agreed upon and arguing that it had spent
considerable time and money in examining and planning the repair of the roof and

pricing roofing materials. The trial court denied Airko's motion to enforce and Airko appealed. Concluding that the trial court abused its discretion in failing to enforce the settlement agreement, the appellate court reversed and remanded the cause to the trial court for a determination of Airko's damages caused by Continental's purported breach of the settlement agreement.

{¶ 4} The cause is now before this court pursuant to an allowance of a discretionary appeal.

_____

*Robert J. Valerian* and *Lisa M. Savarino*, for appellant.

*Randall M. Perla* and *Scott D. White*, for appellee.

_____

**COOK, J**.

{¶ 5} This court must decide whether a party to a settlement agreement who becomes obligated thereby to perform, can insist that the obligee accept such performance despite the filing of a satisfaction of judgment. We hold that unless the language employed in the agreed judgment incorporating a settlement specifically requires the obligee to accept the obligor's performance, the obligee need not accept the performance, but need only conclude the litigation.

I

{¶ 6} Initially, we address the standard of review to be applied to rulings on a motion to enforce a settlement agreement. The court of appeals applied an abuse of discretion standard. However, because the issue is a question of contract law, Ohio appellate courts must determine whether the trial court's order is based on an erroneous standard or a misconstruction of the law. The standard of review is whether or not the trial court erred. See *Mack v. Polson Rubber Co.* (1984), 14 Ohio St.3d 34, 14 OBR 335, 470 N.E.2d 902, and *Spercel v. Sterling Industries* (1972), 31 Ohio St.2d 36, 60 O.O.2d 20, 285 N.E.2d 324. Accordingly, the

question before us is whether the trial court erred as a matter of law in dismissing the motion to enforce the settlement agreement.

## II

{¶ 7} It is axiomatic that a settlement agreement is a contract designed to terminate a claim by preventing or ending litigation and that such agreements are valid and enforceable by either party. *Spercel v. Sterling Industries* (1972), 31 Ohio St.2d 36, 38, 60 O.O.2d 20, 21, 285 N.E.2d 324, 325; see, also, 15 Ohio Jurisprudence 3d (1979) 511, 516, Compromise, Accord, and Release, Sections 1 and 3; and *Bolen v. Young* (1982), 8 Ohio App.3d 36, 8 OBR 39, 455 N.E.2d 1316. Further, settlement agreements are highly favored in the law. *State ex rel. Wright v. Weyandt* (1977), 50 Ohio St.2d 194, 4 O.O.3d 383, 363 N.E.2d 1387; Spercel, 31 Ohio St.2d at 38, 60 O.O.2d at 21, 285 N.E.2d at 325.

{¶ 8} With these policies in mind, we look to the terms of the settlement agreement to decide whether Continental agreed, as part of the settlement, to engage Airko to replace the roof. The agreement states, in pertinent part, that "[d]efendant, Airko, Inc., will for the sum of $73,000 provide a new roof for the large garage on the premises of Continental West Condominium * * *."

{¶ 9} This language obligated Airko to perform, but did not obligate Continental to accept such performance. Because the agreement incorporated into the judgment signed by the judge and the parties was designed to establish the terms by which the litigation would conclude, Continental's only obligation was to end the litigation under the terms of the settlement agreement. Continental fulfilled this obligation by filing the satisfaction of the judgment. The agreed judgment was not a separate contract for services between Airko and Continental, but instead was the means for Airko to remedy Continental's complaint against it.

{¶ 10} The satisfaction of judgment relieved Airko of its duty to repair the roof. Thus, there was nothing for Airko to enforce and, accordingly, the motion to enforce the settlement agreement was correctly denied by the trial court.

{¶ 11} For the foregoing reasons, the decision of the court of appeals is reversed, and the judgment of the trial court denying the motion to enforce the agreed judgment is reinstated.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, WRIGHT, F.E. SWEENEY and PFEIFER, JJ., concur.

RESNICK, J., dissents.

———————————

**ALICE ROBIE RESNICK, J., dissenting**.

{¶ 12} The majority acknowledges that a settlement agreement is valid and enforceable by *either* party. (Emphasis added.) *Spercel v. Sterling Industries* (1972), 31 Ohio St.2d 36, 38, 60 O.O.2d 20, 21, 285 N.E.2d 324, 325. See *Mack v. Poulson Rubber Co.* (1984), 14 Ohio St.3d 34, 36, 14 OBR 335, 337, 470 N.E.2d 902, 904 (settlement agreement "constitutes a binding contract"). Despite conceding the general validity of settlement agreements as binding contracts, the majority finds that *this* settlement is not enforceable by one of the signing parties. Because the majority opinion allows Continental to repudiate a provision of the settlement that should be binding, and because the majority does so in a way that is inconsistent with prior decisions of this court on the binding nature of settlement agreements, I dissent.

{¶ 13} While the majority pays lip service to the principle that settlement agreements are highly favored, its opinion does nothing to further settlements, seeming instead to impose special conditions on such agreements inconsistent with basic contract law. Yet, in line with *Spercel* and *Mack*, settlement agreements should be treated as no more than, and no less than, contracts.

{¶ 14} The fundamental flaw in the opinion is that the majority appears to consider the "satisfaction of judgment" filed by Continental in the trial court to be an important occurrence. Continental, throughout its brief, consistently refers to itself as a "judgment creditor" and to Airko as a "judgment debtor," and claims it

4

"had the option to choose to enforce or not enforce a judgment in its favor." However, the settlement agreement terminated the underlying litigation. It is true that the trial court did adopt the settlement agreement as a judgment through a journal entry and so retained jurisdiction to enforce the terms of the settlement. However, Continental obtained no judgment *in its favor*, and therefore never acquired any status as a judgment creditor. Consequently, Continental's attempt to file a "satisfaction of judgment" was ineffectual to accomplish anything. Continental certainly did not "release" Airko from its duties under the settlement agreement, since only Airko could release itself from its own agreed-to duties. The real question is what the duties of each party actually were. Thus, when the majority's statement of the issue places importance on Continental's filing of a satisfaction of judgment, the majority fails to recognize that the "satisfaction" was a virtual nullity. Furthermore, the majority's closing statement in its syllabus that the obligee "need only conclude the litigation" is ineffectual because the settlement reached by the parties already concluded the litigation. The question is, what are the settlement's terms?

{¶ 15} With the settlement, the parties entered into a contractual relationship. This agreement must be viewed as a contract between equals, and is enforceable by either party upon its terms. Thus, the only real question to be answered in resolving the issue herein involves the proper reading to be given to the terms of the agreement. The majority seems to accept Continental's claim that the agreement did not obligate Continental in any way. However, the literal wording of the agreement belies Continental's argument.

{¶ 16} The most relevant paragraph of the settlement agreement, paragraph five, provides that "[d]efendant, Airko, Inc., will for the sum of $73,000 provide a new roof for the large garage on the premises of Continental West Condominium, such price to include the removal and disposal of the existing defective roof and all labor and materials for a replacement single-membrane roof, including a ten-year

manufacturer's combined labor and material warranty. It is expressly understood by Plaintiff, Continental West Condominium Unit Owners Association, that Defendant Airko, Inc. will not either impliedly or expressly warrant materials used in the replacement of the aforementioned roof."

{¶ 17} Continental claims paragraph five was merely a "standing offer" to replace the roof. Continental argues the $73,000 was a guaranteed price quotation that Continental had the option of accepting or rejecting as it saw fit. However, it is apparent from the wording that both parties when they signed this agreement contemplated that Airko would "provide a new roof" and that Continental would accept it and pay Airko $73,000. The parties even went so far as to specify conditions for the replacement roof, and the warranties to cover it. Obviously, the provision that Airko would supply the roof was a material term of the settlement agreement. It defies common sense to require that the settlement agreement's enforceability by Airko depends upon the employment of language specifying in precise wording that "Continental agrees to accept Airko's performance." The very phrasing of the agreement makes evident that the parties obviously intended that acceptance of the roof by Continental, and the accompanying payment of $73,000 to Airko was a term of the settlement agreement. As Continental states in its merit brief filed in this court, "it [Continental] was at least assured by the terms of the Agreed Journal Entry that it would be able to pay for a new roof in full with the proceeds of settlement received from the other Defendants."[1] Clearly, those proceeds were to go to Airko.

{¶ 18} Both parties, at the time of the signing of the agreement, provided consideration to support it. Continental, of course, gave up the opportunity to prevail in its lawsuit, and agreed to pay Airko $73,000 for installation of the roof.

---

1. Paragraph one of the settlement agreement required defendant Dennis Fedor, executor of the estate of Howard E. Ferguson, to pay Continental $76,500. Paragraph four of the settlement agreement required defendant HMH Restoration Co., Inc. to pay Continental $6,000

Airko also provided consideration, giving up its own opportunity for vindication in litigation in which it vigorously contested liability, and agreed to provide the roof in return for the $73,000. Consequently, a contract was formed, and both parties were mutually bound to honor it. Just because Continental decided later that it had not really gotten terms as favorable as it believed earlier did not entitle it to ignore its obligation. The impression given by the majority opinion that one of the parties to a contract, Continental, could unilaterally decide which terms to honor and which terms to ignore by filing a "satisfaction of judgment" flies in the face of basic contract law. I agree with the court of appeals that a valid contract existed and that Continental breached the contract by unilaterally repudiating a material term. The trial court erred by failing to enforce the settlement agreement's terms.

{¶ 19} This court's decision in *Mack v. Polson Rubber Co., supra*, is particularly valid to resolution of the issue here. *Mack* was also an appeal from a trial court's ruling on a motion to enforce a settlement agreement. This court affirmed the trial court's grant of the motion, and made the following analysis of the *Spercel* case:

{¶ 20} "[U]nder *Spercel*, *supra*, the trial court does possess the authority to enforce a settlement agreement voluntarily entered into by the parties to a lawsuit since such an agreement constitutes a binding contract. In *Spercel*, *supra*, a party to a settlement agreement refused to comply with its terms and filed a petition to vacate the agreement. This court refused to allow the unilateral rescission of the settlement agreement solely on the basis that the party seeking rescission had changed his mind and become dissatisfied with the agreement. As we noted in *Spercel*, *supra*, at 40 [60 O.O.2d at 22-23, 285 N.E.2d at 327]:

{¶ 21} "'To permit a party to unilaterally repudiate a settlement agreement would render the entire settlement proceedings a nullity, even though, as we have already determined, the agreement is of binding force.'" *Mack v. Polson Rubber Co.,* 14 Ohio St.3d at 36, 14 OBR at 337, 470 N.E.2d at 903-904.

{¶ 22} Just as in *Spercel* and in *Mack*, Continental attempts to repudiate the terms of a binding settlement agreement.[2] Today's holding by the majority strikes a severe blow to the useful and important process of settlement agreements in this state, and is contrary to basic contract law.

_____

2. However, the determination that the trial court erred does not necessarily resolve this case. When Airko appealed the trial court's decision to deny the motion to enforce the settlement, Airko did not obtain a stay of the trial court's order, and no bond was posted. Continental contends that it was justified in acting in reliance upon a valid, unstayed trial court judgment when it had another contractor replace the roof. Continental essentially claims the appeal became moot when Airko failed to obtain a stay and to post bond. Although the majority does not reach this issue, I believe it is the pivotal issue upon which the case should turn, given my conclusion that the trial court erred in failing to enforce the settlement.