OPINION
Plaintiff-appellant Rickey Poole appeals from a judgment enforcing a settlement agreement that was agreed to in open court. Poole appears to be arguing that the trial court had no authority to enforce terms of the settlement agreement affecting other causes of action, or potential causes of action, that he may have had against defendant-appellee Becker Motor Sales, Inc.
Based upon the trial court's finding that Poole agreed, in open court, to a settlement agreement in which each party released all claims against the other, the trial court had authority to enforce that agreement according to its terms. Therefore, the judgment of the trial court is Affirmed.
 I
The genesis of this controversy lies in Poole's having hired Becker Motor Sales to restore Poole's recreation vehicle. The work evidently was not proceeding to Poole's satisfaction, and he brought this action against Becker Motor Sales under the Ohio "Consumer Act." In April, 1998, the case came on for a jury trial. During the course of the trial, a settlement agreement was apparently reached between the parties. In August, 1998, Becker Motor Sales moved "to enforce the terms and conditions of the settlement agreement as recorded by this Court on April 21, 1998." A dispute had evidently arisen concerning the scope and terms of the settlement agreement.
The trial court referred the matter to a magistrate, who held a hearing. Following the hearing, the magistrate decided that Poole had agreed, through his counsel, to a settlement agreement whereby each party agreed to release all claims against the other. Poole filed objections to this decision. The trial court overruled the objections, and entered a judgment enforcing the settlement agreement. From the judgment of the trial court, Poole appeals.
 II
Poole assigns the following errors:
 I. WHETHER THE TRIAL COURT ERRED WHEN IT ISSUED A FINAL JUDGMENT AGAINST THE INTERESTS OF PLAINTIFF WITHOUT HIS PARTICIPATION IN THE RESOLUTION.
 II. WHETHER THE TRIAL COURT ERRED WHEN IT PREMATURELY ISSUED A JUDGMENT ENTRY AGAINST PLAINTIFF'S INTEREST KNOWING THAT ANOTHER POTENTIAL CLAIM OF DISCRIMINATION EXISTS.
Although Poole's argument is difficult to follow, it appears that he is arguing that the trial court had no authority, in enforcing the terms of a settlement agreement, to order the release of a different claim that Poole had asserted against Becker Motor Sales. Poole evidently brought a separate lawsuit against Becker Motor Sales in July, 1998, alleging that the poor service that he had received from Becker Motor Sales was motivated by racial discrimination, although we can find no reference to this lawsuit in our record. Poole asserts in his brief that a separate lawsuit, based upon a claim of racial discrimination, was filed on July 17, 1998, and Becker Motor Sales does not dispute this.
The fact remains, however, that the magistrate found that Poole had agreed, in open court, to settle his dispute with Becker Motor Sales, and that the settlement agreement included each party's agreeing to release all claims against the other. Poole has not provided us with a transcript of the hearing before the magistrate, so we are in no position to second-guess the magistrate's factual finding in this regard.
Settlement agreements between parties to litigation are highly favored in the law. Continental W. Condominium Unit OwnersAssn. v. Howard E. Ferguson, Inc. (1996), 74 Ohio St.3d 501, at 502. When the parties agree to a settlement offer, their agreement cannot be repudiated by either party, and the court has the authority to sign a journal entry reflecting the agreement and to enforce the settlement. Klever v. Stow (1983), 13 Ohio App.3d 1, at 4.
Where litigation is settled by agreement, it is quite common for the settlement agreement to include, as one of its provisions, the release of all claims by each party against the other. In the case before us, the trial court found that Poole had agreed to release all his claims against Becker Motor Sales as part of the settlement agreement between the parties. If, as Poole seems to be arguing, a trial court lacks authority to enforce a provision in a settlement agreement for a general release of all claims that each party may have against the other, it would make the settlement, by agreement, of litigation virtually impossible. No one defending a claim in litigation would be willing to compromise their position, as part of the settlement agreement, if the party prosecuting the claim could subsequently assert a claim, under a different theory, arising out of the same set of facts.
We find no merit to Poole's argument. When a party to litigation enters into a settlement agreement, that party, by contract, consents to the trial court's enforcement of the terms of that agreement.
Both of Poole's assignment of errors are overruled.
 III
Both of Poole's assignments of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and WOLFF, JJ., concur.
Copies mailed to:
Aaron G. Durden
Scott G. Oxley
P. Christian Nordstrom
Hon. Barbara P. Gorman