DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Ottawa County Court of Common Pleas which awarded $1,500 to Laird, Laird Marine Manufacturing ("Laird"), pursuant to its counterclaim, and dismissed the complaint filed by appellant, Christopher Forysiak. For the reasons that follow, we affirm the decision of the trial court.
This matter arose as a result of a dispute over the installation of replacement engines and power transmission systems in Forysiak's boat. The matter was referred for mediation. On September 8, 2000, the trial court filed a judgment entry appointing an independent mechanic to evaluate the engines. The purpose of the evaluation was to determine "whether or not the engines are in good working order." This order was made pursuant to the recommendation of the mediator and the agreement of the parties.
On October 6, 2000, the mediator filed a memorandum regarding the mediation agreement. The memorandum stated that the parties agreed that "a court appointed mechanic is to test the engines and file his report with the court." The memorandum further stated, "if the court appointed mechanic certifies that the engines are operable," then Laird would be awarded the $1,500 on deposit and Forysiak would remove his boat from Laird's. If the court appointed mechanic certified that the engines were not operable, then the money would be returned to Forysiak and mediation would resume.
The court appointed mechanic filed the following report with the trial court on October 6, 2000:
 "On 9/25/00 I went to Laird Marine and Manufacturing to inspect engines. The engines are General Motors 327 Marine engines. We run each engine for 30 minutes and then took a compression test. The compressions were higher than previous readings. It is my opinion if the boat could be put in the water and run under load conditions the engine would be fine. The boat is in bad shape with only the oil pressures gauges working. The oil pressures were 50-60 PSI which is perfect. The tack temp. gauges do not work.
 "Mr. Forysiak increased the RPMs on the engines and [was] shifting the transmissions. I told him not to shift them at this RPM. R.P.M guess 3000-4000 RPM. At this RPM the engines are not getting enough water threw a hose to cool proper.
 "Nothing can set this long and be A1. The engines are good if they were run under load for 1 hour."
Based on this report, Laird filed, on October 19, 2000, a motion to enforce the mediation agreement.
On October 23, 2000, Forysiak filed a motion requesting the mechanic to file a supplemental report. Forysiak asserted that the report was conjectural and "what was contemplated by the parties was a factual analysis of existing conditions re [sic] the work that was performed." Forysiak listed a number of items he considered to be wrong with the engines' operation. Forysiak requested that the mechanic review compression measurements regarding "hot and cold measurements, reference same against acceptable manufacturer specifications and then conclude, one way or the other as to the condition of the engines."
On November 16, 2000, the trial court conducted a hearing regarding Laird's motion to enforce the mediation agreement, which the trial court considered to be a motion to enforce the settlement agreement, and Forysiak's motion to have the mechanic supplement his report. At the hearing, Forysiak's counsel asserted that the compression readings on the engines did not meet the compression standards set up by the manufacturer and, therefore, the mechanic's report had no meaning. The trial court found that the report indicated that compression tests were taken, that the boat could be put in the water and run under load conditions, and that the engine would function properly. As such, the trial court denied Forysiak's request for supplementation.
With respect to Laird's motion to enforce the parties' settlement agreement, Forysiak testified as to his understanding of the parties' agreement. Forysiak attempted to establish that there was no agreement that there would be a binding report upon the parties. However, upon cross-examination, Forysiak testified that he had no "disagreement" with the "Memorandum of Mediation Agreement" that was filed with the court.
The trial court noted that none of the parties objected to the memorandum of the mediator. The trial court found that Forysiak knew there was an agreement when he left the mediation session, that he understood it, and that "it looked okay to him." With respect to the mechanic's report, the trial court found that although it was "not couched in the technical language that we lawyers seem to like, it was given by an individual retained by the court who has a reputation in the community as a competent surveyor of marine engines." The trial court found that "the full import of the report is that the engines functioned appropriately under the limitations presented to the surveyor." The trial court further stated:
 "The report filed October 6th by the mediator clearly sets out an agreement. It is not a report conditioned upon the approval of the plaintiff of the mechanic's report. It rather is an agreement conditioned upon the import of the mechanic's conclusions. And if he concluded that the engines were operable, the settlement went one way. If he concluded that the engines were not operable, the settlement goes another way."
Finding that an enforceable settlement agreement had been reached between the parties, the trial court entered judgment in accordance with the parties' agreement.
Forysiak appeals the decision of the trial court and raises the following as his sole assignment of error:
 "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REFUSED TO HAVE ITS OWN COURT APPOINTED ENGINE MECHANIC SUPPLEMENT HIS REPORT WHEN THE REPORT OF THE MECHANIC FAILED TO SET FORTH THAT THE ENGINES WERE OPERABLE OR THAT THEY MET THE STANDARDS OF MANUFACTURER'S SPECIFICATIONS FOR U.S. ENGINES AS CONTEMPLATED AND AGREED UPON IN MEDIATION."
Specifically, Forysiak argues that the mechanic's report did not address Forysiak's "concerns of compression, pressures, or any testing objectivity that was reasonably contemplated by the parties," and did not indicate that the engines were "operable."
We find that the trial court did not abuse its discretion in finding that the mediator's memorandum encompassed the parties' agreement or in refusing to have the mechanic supplement his report.[1] Based on Forysiak's testimony and the fact that no party objected to the mediator's memorandum, we find that the memorandum encompassed the parties' agreement. We further find that the parties' agreement did not require the mechanic to include the actual compression measurements in his report. Nevertheless, it is apparent from the mechanic's report that he took measurements and, upon so doing, determined that "if the boat could be put in the water and run under load conditions the engine would be fine." The mechanic was unable to place the boat in the water because of the condition of the hull and deck; however, based on his description, it is clear that his opinion was that the engines were operable.
We further find, as a matter of law, that the trial court correctly determined that the parties' agreement was binding upon the parties and that the agreement was enforceable.[2] Forysiak's attorney stated to the trial court that the parties' agreement was "always determined to be a nonbinding recommendation to the court as to what to do." He further stated, "It was never my intention to submit to something that would be a binding resolution based on mediation, which was an attempt by the court to get facts in front of the court, so if it got into a full trial on the issues presented in the complaint, that would be one factor to be considered." Forysiak's attorney contended that the mediation agreement was only "an attempt to pursue settlement options" and was "not a dispositive decision that would be reached."
First, contrary to Forysiak's attorney's understanding of mediation, we find that the trial court correctly stated that mediation "was never intended to be a procedure to get facts before the court prior to trial." Rather, as the trial court correctly noted, a mediation communication is confidential, pursuant to R.C. 2317.023. Although the trial court heard testimony regarding Forysiak's understanding of the mediation agreement, it did not hear any testimony of a confidential nature.
Second, we find that although "mediation" is a nonbinding process,[3]
an agreement reached through a mediation process is as enforceable as any contractual agreement.[4] In this case, the agreement between the parties, as memorialized by the mediator, clearly provided for a binding resolution, dependent upon the mechanic's report. As such, the mechanic's report was a condition precedent to the parties' agreement. If the mechanic determined that the engines were operable, then the case was settled. Only if the mechanic found the engines inoperable would the case proceed for further mediation.
Based on the foregoing, we find that the mechanic's report complied with the terms of the parties' binding agreement and did not require supplementation. Insofar as the engines were found to be operable, we find that the trial court did not err in enforcing the mediated settlement agreement and dismissing the case. We therefore find Forysiak's sole assignment of error not well-taken.
On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Ottawa County Court of Common Pleas is affirmed. Forysiak is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., James R. Sherck, J. CONCUR.
[1] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[2] See Continental W. Condominium Unit Owners Assn. v. Howard E.Ferguson, Inc. (1996), 74 Ohio St.3d 501, 502.
[3] R.C. 2317.023(A)(1).
[4] See Stark Brinkr, Inc. v. United Riggers, Inc. (Feb. 22, 2000), Licking App. No. 1999CA00179, unreported.