OPINION
Defendant-appellant Andrew P. Ensman appeals the April 12, 2001, Judgment Entry/Decree of Divorce and the Judgment Entry of April 11, 2001, which denied defendant-appellant's Motion to Disregard a Settlement Agreement. Plaintiff-appellee is Gina M. Ensman.
 STATEMENT OF THE FACTS AND CASE
Plaintiff-appellee Gina M. Ensman [hereinafter appellee] and defendant-appellant Andrew P. Ensman [hereinafter appellant] were married May 26, 1992. Two children were born of the marriage. Both of the children are minors. On December 6, 1999, appellee, filed a Complaint for Divorce. In the Complaint, appellee alleged that appellant (the father), might take the children from the jurisdiction of the trial court. Therefore, the trial court issued an ex parte temporary restraining order, restraining appellant from removing the children from the appellee's residence.
A series of motions concerning visitation between the children and appellant were filed by both parties. On December 13, 1999, appellee filed a new Motion for a Temporary Restraining Order and Other Relief. Again, appellee claimed that she was fearful that appellant would attempt to remove the children from appellee's care, custody and control unless properly restrained. Further, appellee claimed that she was fearful that appellant would come onto her premises.
On December 22, 1999, appellant filed a motion asking for an ex parte
order granting him visitation and describing how appellee had indicated that appellant could see the children on December 10, 1999, if he would come to Lancaster and pick them up. When appellant arrived at appellee's home, appellee served appellant with the Complaint Summons and divorce papers. Appellant requested that he be allowed to take the children for the planned visitation. However, although the children were dressed and prepared to leave with appellant, appellee refused to allow the children to go and informed appellant that if he stepped foot on the property, she would have him arrested for violation of TRO. Appellant alleged that appellee had set about a course of conduct to deny him access and contact with his children in order to "punish" him for the breakdown of their relationship. Appellant further alleged that he had been unable to have contact with his children since he was served the Summons and divorce papers. The trial court did not grant appellant's request for an ex parte
order regarding visitation but did schedule the matter for a non-oral hearing on December 23, 1999.
On January 7, 2000, the trial court approved a Judgment Entry reciting that the parties had been unable to reach an agreement upon appellant's motion for visitation as provided in Local Rule 17.[1] In the Judgment Entry, the trial court noted that the matter was scheduled to be considered by the trial court on January 12, 2000.
On January 11, 2000, appellant filed his Answer, setting forth his desire that the trial court award him the status of custodial parent for school purposes under a shared parenting plan. On January 12, 2000, appellant filed an affidavit setting forth the actions appellee had taken to deny appellant visitation with his minor children. In the affidavit, appellant also alleged that appellee had made false statements in her previous affidavits regarding financial matters.
On January 26, 2000, the trial court issued a Judgment Entry which designated appellee as residential parent and legal guardian and ordered temporary visitation between appellant and the minor children, pursuant to a companionship schedule. The visitation schedule was to have taken effect January 7, 2000.
On January 31, 2000, appellee filed a motion asking the trial court to restrict appellant's visitation. In the meantime, appellee continued to deny appellant any visitation.
On May 3, 2000, the Guardian Ad Litem submitted a report, under seal, to the trial court. The Guardian Ad Litem [hereinafter GAL] advised the trial court that appellee had been a cocaine user and that allegations of sexual abuse, made by appellee's children by a prior marriage against appellant, were not grounds for the trial court to deny appellant visitation with the children of this marriage. The GAL noted that these allegations were not raised until the possibility of visitation for appellant emerged. The GAL report also stated that appellee was determined that appellant have no visitation rights with the children.
On May 22, 2000, an Agreed Judgment Entry was filed which provided appellant visitation. However, visitation was restricted to supervised visitation in public places and phone contacts. The visitation was to be supervised by appellee or by another responsible adult designated by appellee.
On June 28, 2000, appellant filed the first of four contempt charges against appellee for her denial of visitation and phone contact with the children. In addition, appellant filed motions for ex parte orders for specific visitation.
On August 25, 2000, appellant filed a motion requesting that his Local Rule 17 visitation be restored ex parte, because Fairfield County Children Services had completed their investigation and forwarded their information to the Fairfield County Prosecutor. The Prosecutor had decided not to charge appellant with any crime.[2] The motion was not granted and appellant continued to file contempt charges against appellee because he was being denied the visitation granted earlier.
On October 2, 2000, appellant filed a Motion for Psychological Examination of the Parties. The motion was made pursuant to R. C.3109.04(C) and directed the trial court's attention to the pleadings and affidavits filed by appellant and the reports of the GAL.
On November 16, 2000, a GAL report was submitted to the trial court, under seal. The GAL advised the trial court that the GAL had a major concern about possible parental alienation by appellee. The GAL stated that the supervised visits, ordered in the May 22, 2000, agreed entry, had been going very poorly, if they had happened at all. The GAL acknowledged that at that point, appellee had been denying visitation rights. The GAL further expressed a concern about appellee's mental state. The GAL stated that psychological examinations must be performed.[3]
On November 17, 2000, the trial court issued an Entry ordering psychological examinations. Subsequently, on January 10, 2001, appellant filed a motion advising the trial court that the parties were close to an agreement. In the motion, appellant indicated his position was that appellee either agrees to accept visitation per Local Rule 17, with an additional two weeks in the summer during summer vacation, or the matter will have to proceed to trial.
On January 12, 2001, the parties appeared before a Magistrate. Both parties acknowledged that they had voluntarily signed a Memorandum Entry, settling the matter. At that hearing, appellant expressed the expectation that he would be able to exercise visitation pursuant to the agreement.
On April 4, 2001, appellant filed a Motion to Disregard the Settlement Agreement because appellee had not provided the visitation agreed to by both parties in the January 12, 2001, Memorandum Entry. Appellee made no response to appellant's motion. On April 11, 2001, the trial court issued an Entry denying appellant's motion and stating that appellant's relief was to file contempt charges against appellee. Thereafter, on April 12, 2001, the Judgment Entry/Decree of Divorce was filed. The Memorandum Entry was incorporated into the Judgment Entry/Decree of Divorce.
It is from the April 12, 2001, Judgment Entry granting the parties a divorce and the April 11, 2001, Judgment Entry that appellant appeals, raising the following assignment of error:
 THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT'S MOTION TO DISREGARD SETTLEMENT AGREEMENT.
Appellant argues that the trial court erred when it denied appellant's Motion to Disregard the Settlement Agreement, in the face of appellee's failure to permit visitation between appellant and his children, both before and subsequent to the settlement agreement.[4] We agree.
The question before this court is whether the trial court abused its discretion when it denied the motion of appellant to set aside the Memorandum Entry. "An abuse of discretion is more than an error of law or judgment, it implies that the trial court's attitude in reaching its judgment is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
First, we note that this is not the typical case involving a settlement agreement. Generally, a settlement agreement is a contract and is valid and enforceable by either party. Continental v. Ferguson (1996),74 Ohio St.3d 501, 502. However, the Settlement Memorandum entered into by the parties, pursuant to Fairfield County Local Rule 21.0, did not create a binding settlement agreement.
Fairfield County Local Rule 21.0 provides the following:
21.1 Procedure — Scheduled Hearings. . . .
 Where parties and counsel have appeared on the day of the hearing and have negotiated a settlement of the contested issues, a written settlement memorandum shall be prepared.
 Both parties and counsel shall sign the settlement memorandum and submit the memorandum to the Court for approval.
. . .
 21.3 Entry Requirements. Within 14 days counsel or non-represented parties shall prepare and submit to the Court an entry incorporating the terms of the settlement memorandum or mediation agreement. No additions, changes or modifications will be permitted unless approved by both parties and/or counsel.
 21.4 Failure to Submit Entry. If counsel and/or parties fail to submit an entry within the required time period, the Court may dismiss the matter or cause an entry to be prepared consistent with the terms of the settlement memorandum or mediation agreement. The entry will then be filed without prior approvals of either or both counsel and/or the parties.
 21.5 Request to Disregard Settlement Agreements. Before an entry has been submitted, either party may request that the settlement agreement be set aside and the matter reset for hearing. The request must be in writing in the form of a motion.
 21.51 Basis. The party making the request must present clear and convincing reasons for the Court to set aside the settlement agreement. It will be at the sole discretion of the Court to determine if a settlement agreement should be set aside.
This Local Rule envisioned that such a settlement memorandum was not a binding contract. The parties retained the ability to request the agreement be set aside. Further, the trial court had the discretion to dismiss the matter if the parties failed to file an entry incorporating the terms of the memorandum. Thus, we find that the Settlement Memorandum did not create a binding settlement agreement.
We now turn to whether the trial court abused its discretion in denying appellant's motion to disregard the memorandum. In the case sub judice,
the Settlement Memorandum was entered into on January 12, 2001. No journal entry was filed within 15 days. Further, appellant's motion was filed before the Judgment Entry/Decree of Divorce was filed. Therefore, pursuant to Local Rule 21.5, we find the trial court had discretion whether to set aside the agreement or, pursuant to Local rule 21.4, either enter judgment consistent with the terms of the Settlement Memorandum or dismiss the matter.
As stated previously, the trial court denied appellant's motion to disregard the settlement agreement, finding that there was not sufficient reason to set aside the settlement agreement. The trial court stated that if appellee was not complying with the visitation schedule set forth in the settlement memorandum, appellant could file a charge of contempt with the trial court. We find that the trial court abused its discretion.
A review of the record before this Court indicates that appellee consistently deprived appellant of visitation. The record indicates that appellee and appellant reached the agreement in the settlement memorandum only after the GAL expressed a concern with appellee's mental well being and the trial court had ordered psychological examinations. Further, appellant's approval of the settlement memorandum was based upon his expectation of visitation with his children. However, upon entering into the settlement memorandum, it would appear that appellee did not comply with the visitation schedule. One could view appellee's decision to enter into the agreement memorandum as an attempt by appellee to avoid the psychological examinations. Appellee's denial of visitation subsequent to agreeing to the memorandum supports this view and indicates a lack of any real agreement to allow appellant visitation with the children.
While filing a charge of contempt would be appellant's means to enforce the visitation schedule once a Judgment Entry of Divorce was entered, previous charges of contempt had not apparently effected appellee's behavior. In addition, any future post-decree change of custody motion filed by appellant could be jeopardized if appellant could not establish that the continued denial of visitation was a change of circumstance. Further, we note that appellant's Motion to Disregard the Settlement Agreement was unopposed. Appellee did not file a motion in response to appellant's motion.
Upon review of the record before this Court, and in light of Local Rule 21.0, we find the trial court abused its discretion in denying appellant's Motion to Disregard the Settlement Agreement. Therefore, we vacate the April 12, 2001, Judgment Entry/Decree of Divorce, with one exception. The grant of a divorce on the grounds of incompatibility is not vacated and, therefore, the parties remain divorced. All remaining portions of the Decree of Divorce are vacated. This matter is reversed and remanded to the trial court for further proceedings consistent with this opinion.
Appellant's sole assignment of error is sustained.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Fairfield County Common Pleas Court is affirmed, in part, and reversed and vacated, in part. The matter is reversed and remanded for further proceedings consistent with this opinion.
Costs to appellee.
Hon. Julie Edwards, P.J. Hon. Sheila Farmer, J. Hon. John Boggins, J. concurs.
[1] Fairfield County Local Rules, Domestic Relations Division, provides a standardized visitation schedule.
[2] The allegations referred to are the allegations of sexual abuse made by appellee's children by a different father. These allegations were previously noted in the May 3, 2000, GAL report.
[3] An Amended GAL report was filed on November 22, 2000, correcting typographical errors.
[4] Appellee failed to file a Brief in this matter.