[Cite as *Lucas Contracting, Inc. v. Altisource Portfolio Solutions, Inc.*, 2016-Ohio-474.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LUCAS CONTRACTING, INC. | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| ALTISOURCE PORTFOLIO | : | Case No. 2015CA00102 |
| SOLUTIONS, INC. | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:  Appeal from the Stark County Court of Common Pleas, Case No. 2014-CV-01361

JUDGMENT:  Affirmed

DATE OF JUDGMENT:  February 9, 2016

APPEARANCES:

For Plaintiff-Appellee

SIDNEY N. FREEMAN
12370 Cleveland Avenue, N.W.
P.O. Box 867
Uniontown, Ohio 44685

ROBERT MCNAMARA
McNamara, Demczyk Co., LPA
12370 Cleveland Ave., N.W.
P.O. Box 867
Uniontown, Ohio 44685

For Defendant-Appellant

MICHAEL J. ZBIEGIEN, JR.
JENNIFER B. ORR
Taft Stettinius & Hollister, LLP
200 Public Square, Suite 3500
Cleveland, Ohio 44114-2302

*Baldwin, J.*

{¶1}   Defendant-appellant Altisource Portfolio Solutions, Inc. appeals from the February 23, 2015 and April 23, 2015 Judgment Entries of the Stark County Court of Common Pleas.

STATEMENT OF THE FACTS AND CASE

{¶2}   On June 9, 2014, appellee Lucas Contracting, Inc. brought an action against Berghorst Enterprises, LLC and Heritage Home Solutions, LLC for statement on an account, breach of contract, promissory estoppel, implied contract and alter ego liability. The complaint related to property preservation services that appellee alleged the two had purchased from appellee. Appellee, in its complaint, alleged that neither Berghorst Enterprises nor Heritage Home had ever had a separate corporate existence from the other and that it was owed a total of $65,187.75.

{¶3}   On July 29, 2014, appellee filed a motion seeking to add appellant Altisource Portfolio Solutions, Inc. as a new party defendant. Appellee, in its motion, alleged that while it had  contact with Berghorst Enterprises, LLC and Heritage Homes Solutions, LLC,  the services that appellee had performed on foreclosed properties were actually ordered by appellant.  The trial court granted such motion as memorialized in a Journal Entry filed on July 29, 2014 and an Amended and Supplemental Complaint adding appellant as a new party defendant was filed on July 31, 2014. Appellant filed an answer on October 6, 2014. A pretrial was scheduled for November 10, 2014.

{¶4}   The trial court, as memorialized in an Order filed on November 13, 2014, dismissed the case after it was represented to the court at the November 10, 2014 pretrial

that the matter was settled by agreement of the parties. The trial court ordered the parties to file a final agreed upon judgment entry approved by all counsel within thirty (30) days.

{¶5} Thereafter, on December 10, 2014, appellee filed a Motion to Enforce Settlement. Appellant filed a response to the same on December 26, 2014. The trial court scheduled an oral hearing on such motion for February 6, 2015.

{¶6} The trial court, pursuant to a Judgment Entry filed on February 23, 2015, found that a full settlement and compromise had been made in this case and instructed appellee to prepare "a Final Judgment Entry according to the terms that were exchanged on November 10, 2014 as outlined in this entry and submit it for signatures and to the Court for approval within thirty (30) days of the date of this Entry." A Settlement Agreement approved by the trial court and counsel for appellee, but not for appellant, was then filed on April 23, 2015.

{¶7} Appellant now raises the following assignments of error on appeal:

{¶8} I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS FEBRUARY 23, 2015 JUDGMENT ENTRY GRANTING LUCAS CONTRACTING'S MOTION TO ENFORCE SETTLEMENT BECAUSE THERE WAS CLEAR EVIDENCE DEMONSTRATING THAT THE PARTIES DID NOT INTEND TO BE BOUND UNTIL A FORMALIZED WRITTEN DOCUMENT WAS SIGNED BY BOTH PARTIES AND BECAUSE IT ENFORCED A SETTLEMENT AGREEMENT AGAINST AN ENTITY, ALTISOURCE PORTFOLIO SOLUTIONS, INC., WHO WAS NOT AN INTENDED PARTY TO ANY ALLEGED SETTLEMENT AGREEMENT.

{¶9} II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN ADOPTING LUCAS CONTRACTING'S PROPOSED SETTLEMENT ENTRY IN ITS APRIL 23, 2015

SETTLEMENT ENTRY, BECAUSE IN DOING SO, IT ENFORCED SETTLEMENT TERMS THAT ARE CONTRADICTORY TO THE VERY TERMS THAT THE COURT FOUND THE PARTIES HAD AGREED TO IN ITS JUDGMENT ENTRY GRANTING LUCAS CONTRACTING'S MOTION TO ENFORCE SETTLEMENT.

I

{¶10}  Appellant, in its first assignment of error, argues that the trial court erred in granting appellee's Motion to Enforce Settlement. Appellant specifically argues that there was clear evidence showing that the parties did not intend to be bound until a formal written document was signed by both parties and that the trial court erred in enforcing a settlement agreement against an entity that was not an intended party to any alleged settlement agreement.

{¶11}  A settlement agreement is a particularized form of a contract. *Noroski v. Fallet,* 2 Ohio St.3d 77, 79, 442 N.E.2d 1302 (1982). It is a "contract designed to terminate a claim by preventing or ending litigation, and * * * such agreements are valid and enforceable by either party." *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.,* 74 Ohio St.3d 501, 502, 1996-Ohio-158, 660 N.E.2d 431. If a contract encompasses the essential terms of the agreement, it is binding and enforceable. *Mr. Mark Corp. v. Rush, Inc.,* 11 Ohio App.3d 167, 169, 464 N.E.2d 586 (8th Dist.1983). The Ohio Supreme Court has stated that the issue of "whether the parties intended to be bound * * * is a question of fact properly resolved by the trier of fact." *Oglebay Norton Co. v. Armco, Inc.,* 52 Ohio St.3d 232, 235, 556 N.E.2d 515 (1990). The parties must have a "distinct and common intention that is communicated by each party to the other."

*Champion Gym & Fitness, Inc. v. Crotty,* 178 Ohio App.3d 739, 744, 2008-Ohio-5642, 900 N.E.2d 231, ¶ 12.

{¶12}  As noted by the court in *Klever v. Stow*, 13 Ohio App.3d 1, 468 N.E.2d 81 (9th Dist. 1983), a trial court has the authority to conduct a hearing to determine whether or not a verbal settlement agreement has been reached. The court stated that "when the parties agree to a settlement offer, this agreement cannot be repudiated by either party, and the court has the authority to sign a journal entry reflecting the agreement and to enforce the settlement."   Id at 4. The Ohio Supreme Court has held that "where the meaning of terms of a settlement agreement is disputed, or where there is a dispute that contests the existence of a settlement agreement, a trial court must conduct an evidentiary hearing prior to entering judgment." *Rulli v. Fan Co.,* 79 Ohio St.3d 374, 377, 1997–Ohio–380, 683 N.E.2d 337.

{¶13}  As is stated above, a hearing before the trial court was held on February 6, 2015. While the trial court offered to hear testimony from witnesses, the parties agreed to rest on their filings and submitted exhibits. The parties thus waived their right to an evidentiary hearing by failing to request such a hearing or to object to the lack of an evidentiary hearing. *Monea v. Campisi,* 5th Dist. Stark No.2004CA00381, 2005–Ohio–5215.

{¶14}  At the February 6, 2015 hearing, an e-mailed faxed letter dated November 10, 2014 from appellee's counsel to appellant's counsel was admitted as an exhibit.  The letter states as follows:

Confirming our telephone conversations this date, we tentatively have agreed to settle the case, in principle, as follows:

1.  Altisource will pay Lucas Contracting immediately the full sum of $30,000;

2.  Lucas Contracting will assign to Altisource all claims, rights and causes of action it may possess against Berghorst Enterprises, LLC, and Heritage Home Solutions, LLC; and

3.  Lucas Contracting will provide reasonable assistance to Altisource in pursuing claims Altisource may wish to bring against Berghorst Enterprises, LLC. And Heritage Home Solutions, LLC (but this does not include paying the fees of attorneys or expenses necessary to any litigation or collection, and does not include any agreement to warrant, defend or hold harmless Altisource with regard to any such actions).

Obviously, all of this is subject to approval of settlement documents.  If you could forward same for my review and approval as soon as possible it would be appreciated, as time is of the essence in getting this concluded, and is a material consideration in my client's decision to settle.

{¶15} Also admitted as an exhibit was a November 10, 2014 response from appellant's counsel to appellee's counsel stating as follows:

> Thank you for the letter. As Jeff Pomeranz [of Altisource] and I mentioned on the phone, Jeff will send you the standard settlement and release agreement in the next day or two. The executed settlement and release agreement will establish the parties' respective obligations. In the meantime, I want to clarify that before Altisource will pay Lucas Contracting, Lucas must be set up as a vendor in Altisource's system (requires a W-9 and other administrative information such as how to remit payment), in addition to executing the settlement and release agreement and a dismissal of the claims. Assuming everything proceeds smoothly, we anticipate that this process will be completed within 30 days.

{¶16} On November 12, 2014, appellee received from appellant its proposed settlement agreement, which was introduced at the February 6, 2015 hearing as an exhibit. The proposed settlement agreement contained terms that were not mentioned in either of the November 10, 2014 e-mails. The agreement, for example, contained language requiring the personal signature of Jennifer Lucas, who was not a party to the proceedings.

{¶17} At the hearing, appellant's counsel indicated to the trial court that the parties' settlement provided that Altisource Solutions S.a.r.l., which is not a party to this

case, would pay the $30,000.00 "in exchange for execution of Altisource's standard…settlement and release agreement, which included execution by a principal of the company,…" Transcript at 15. Counsel for appellant agreed that there was no specific discussion about Jennifer Lucas signing personally, but contended that "that's part of the standard settlement agreement in a release." Transcript at 17. Counsel for appellee indicated that personal liability was intended when the parties exchanged e-mails on November 10, 2014.  However, at the hearing, appellee's counsel agreed that he never told appellant's counsel that personal liability was part of appellant's standard settlement agreement. When asked by the trial court why he did not fax the standard settlement agreement to appellee's counsel, appellant's counsel stated that he did not have the agreement printed up and that he personally had never seen the standard settlement agreement. As noted by the trial court, "[t]herefore, it appears… that [appellant's counsel] was not originally aware that Altisource would try to hold Jennifer Lucas to the terms of the settlement in her individual capacity."

{¶18}  We find that the trial court did not err by granting the Motion to Enforce Settlement. Appellee clearly set out the terms of the settlement in its November 10, 2014 e-mail and in its response the same day, appellant never contradicted or challenged the same. We concur with the trial court that the parties, through their respective e-mails, agreed to the terms of the settlement. In neither of the November 10, 2014 e-mails, was any mention made that, as part of the agreement, Jennifer Lucas was to be held personally responsible.  While appellant also argues that the settlement was between appellant and Altisource Solutions S.a.r.l. and not appellant, which was not a party to the settlement agreement, there is nothing in the November 10, 2014 e-mails so indicating.

{¶19} Based on the foregoing, appellant's first assignment of error is, therefore, overruled.

II

{¶20} Appellant, in its second assignment of error, argues that the trial court erred in adopting appellee's proposed settlement agreement in its April 23, 2015 Settlement Entry. Appellant maintains that the Entry contains provisions that the parties never agreed on and that were contrary to the trial court's own findings in its February 23, 2015 Judgment Entry.

{¶21} Appellant first argues that the trial court's statement in its April 23, 2015 Settlement Entry that "judgment" be granted in favor of appellee and against appellant improperly constitutes an admission of liability when the parties did not intend such an admission.   We disagree.  The trial court, in is April 23, 2015 Settlement Entry, stated that it found appellee's Motion to Enforce Settlement to be well-taken and  granted judgment in the amount of $30,000.00. There is no indication of any admission of liability.

{¶22} Appellant also argues that the April 23, 2015 Settlement Entry does not contain an assignment by appellee of its claims against Berghorst and Heritage. Appellant notes that the trial court found that this was part of the agreement between the parties. However, the trial court's April 23, 2015 Settlement Entry states, in relevant part, as follows: "It is further Ordered that, conditioned upon, and only at such time as payment in full of the aforesaid THIRTY THOUSAND AND NO/100 DOLLARS ($30,000.00) is made by Altisource to Plaintiff, all claims, rights and causes of action that Plaintiff had or may possess against Berghorst Enterprises, LLC and Heritage Home Solutions, LLC, will belong to Altisource."  We find that this language constitutes an assignment.

{¶23} Appellant, in its second assignment of error, further argues that the trial court's Settlement Entry did not contain a release of appellee's claims against appellant, which appellant argues is a standard term found in a settlement agreement. As noted by appellant, appellee's counsel, in a November 21, 2014 e-mail to Jeffrey Pomeranz of Altisource, stated that the "release should be mutual, with both parties releasing the other;…" However, in a December 2, 2014 response, Pomeranz stated that the release provision needed to remain "unilateral." There is nothing in the parties November 10, 2014 exchanged e-mails requiring appellee to release its claims against appellant as part of the settlement.

{¶24} Appellant's second assignment of error is, therefore, overruled.

{¶25} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.