[Cite as *Cintas Corp. v. Great Lakes Best One Tire & Serice, L.L.C., d.b.a. Terrys Tire Town*, 2018-Ohio-2456.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| CINTAS CORPORATION, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2017-T-0080** |
| - vs - | : | |
| | | |
| GREAT LAKES BEST ONE TIRE & SERVICE, LLC, d.b.a. TERRY'S TIRE TOWN, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Girard Municipal Court, Case No. 2016 CVF 00153.

Judgment: Affirmed.

*Patrick Milligan* and *Monique Boyd*, 18615 Detroit Avenue, Suite 201, Lakewood, OH 44107 (For Plaintiff-Appellee).

*Darren DeHaven*, 3500 Massillon Road, Suite 410, Uniontown, OH 44685 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, Great Lakes Best One Tire & Service, LLC, d.b.a. Terry's Tire Town, appeals from the July 17, 2017 judgment of the Girard Municipal Court, granting judgment in favor of appellee, Cintas Corporation, and against appellant in the amount of $5,450.44 plus interest following a bench trial. On appeal, Great Lakes asserts the

trial court erred in finding it liable under a contract entered into between Terry's Tire Town and Cintas. Great Lakes contends that Cintas did not establish any of the four recognized exceptions to the general rule for successor liability under *Flaugher v. Cone Automatic Machine Co.*, 30 Ohio St.3d 60, 62 (1987). Because the first exception applies in this case since Great Lakes, the buyer corporation, expressly or impliedly agreed to assume Terry's Tire Town's prior liability through the plain language of the Purchase Agreement, we find no reversible error and affirm.

{¶2} Cintas, an Ohio corporation, is a uniform and facility services provider. Terry's Tire Town was in the business of selling and servicing commercial tires. On September 19, 2012, Terry's Tire Town entered into a five-year "Standard Rental Service Agreement" with Cintas for uniforms and other facility products/services. The Cintas Service Agreement was executed by James Brott, Terry's Tire Town's Commercial Division Manager, and Barry Long, a Cintas Service Sales Representative. The Cintas Service Agreement was terminated prior to completion of the five-year term. Eighty-four weeks remained on the term of the Cintas Service Agreement at the time of Terry's Tire Town's breach with an early cancellation sum due to Cintas in the amount of $5,450.44.

{¶3} In March 2014, American Tire Distributors ("ATD") purchased Terry's Tire Town. The following month, ATD approached Mr. Brott indicating it would be selling off the commercial tire division. Mr. Brott asked if he could bid through Great Lakes, a limited liability company he had formed.

2

{¶4} On July 31, 2014, a "Purchase Agreement" was entered into by and among Terry's Tire Town Holdings, Inc., Terry's Tire Town, Inc., and Great Lakes. Mr. Brott signed the Purchase Agreement as President of Great Lakes.

{¶5} Great Lakes continued to use the services of Cintas for a period of time. In early 2016, Great Lakes notified Cintas that it was switching to a more cost-effective option.

{¶6} On February 22, 2016, Cintas filed a complaint for breach of contract against Great Lakes, d.b.a Terry's Tire Town. On March 16, 2016, Great Lakes filed an answer.

{¶7} A bench trial was held on June 30, 2017.

{¶8} On cross-examination, Mr. Brott acknowledged his signature on the 2012 Cintas Service Agreement. (Exhibit A). Mr. Brott also acknowledged his signature on the 2014 Great Lakes Purchase Agreement. (Exhibit H). Mr. Brott testified that the Cintas Service Agreement was not specifically excluded from Section 2.4(a) of the Great Lakes Purchase Agreement. Mr. Brott had knowledge that Terry's Tire Town had a continuous contract with Cintas. He indicated that the Cintas Service Agreement is not on the excluded part of Section 2.3 of the Great Lakes Purchase Agreement. Mr. Brott said he informed Cintas of the sale, i.e., that it was no longer Terry's Tire Town but rather a new entity, Great Lakes. Mr. Brott acknowledged that he never changed the logos on company shirts. (Exhibit F). A photograph taken around June 29, 2016 revealed that the Girard store still had a Terry's Tire Town sign. (Exhibit G). Mr. Brott indicated he could not afford to change the sign at that time.

3

**{¶9}** On direct examination, Mr. Brott testified he "purchased the store assets" for Terry's Tire Town in April 2014. From Mr. Brott's understanding of the Great Lakes Purchase Agreement, he was not assuming any of Terry's Tire Town's contracts or liabilities. Mr. Brott indicated that he cannot point to anything that states that he has assumed any of the liabilities of Terry's Tire Town, specifically the Cintas Service Agreement. He said the invoicing, checks, and business cards all included the name, Great Lakes. However, Mr. Brott stated again that the front signage remained as Terry's Tire Town due to expense.

**{¶10}** Cintas Service Sales Representative Mr. Long testified he was told in 2015 that Terry's Tire Town was going to be sold. Don Jones, Operations Manager for Cintas, referenced the Cintas Service Agreement. Mr. Jones also referenced a document regarding liquidated damages in the event of an account being stopped. (Exhibit B). Terry's Tire Town's termination of the contract, which had 84 weeks remaining, was coded as a "price lack of relationship," i.e., switched for a lower price. (T.p. 44). Mr. Jones said there was never a formal notification of the sale of Terry's Tire Town.

**{¶11}** On July 17, 2017, the trial court determined that the original contract was entered into between Terry's Tire Town and Cintas in 2012. The court found that Great Lakes "purchased the assets" and liabilities of Terry's Tire Town in 2014. The court granted judgment in favor of Cintas and against Great Lakes in the amount of $5,450.44 plus interest at the rate of four percent per annum from the date of judgment plus costs. Great Lakes filed a timely appeal and raises the following assignment of error:

**{¶12}** "The Trial Court committed reversible error finding Great Lakes Best One Tire & Services LLC is liable under the contract between Cintas Corporation and Terry's Tire Town, Inc., as said finding is contrary to law."

**{¶13}** In its sole assignment of error, Great Lakes argues the trial court erred in finding it liable under the 2012 Cintas Service Agreement between Terry's Tire Town and Cintas. Great Lakes asserts Cintas did not establish any of the four recognized exceptions to the general rule for successor liability.

**{¶14}** "'(T)he appropriate standard of review in contract cases is whether the trial court erred as a matter of law. (* * *) Accordingly, we "must determine whether the trial court's order is based on an erroneous standard or a misconstruction of the law." *Continental W. Condo. Unit Owners Assn. v. Howard E. Ferguson, Inc.* (1996), 74 Ohio St.3d 501, 502 * * *. In so doing, we must keep in mind that "an appellate court gives due deference to the trial court's findings of fact, so long as they are supported by competent, credible evidence."' (Citations omitted.) *Fine v. U.S. Erie Islands Co.,* 6th Dist. Ottawa No. OT-07-048, 2009-Ohio-1531, * * * ¶25." (Parallel citations omitted.) *Meeker R & D, Inc. v. Evenflo Co., Inc.*, 11th Dist. Portage Nos. 2014-P-0060 and 2015-P-0017, 2016-Ohio-2688, ¶52.

**{¶15}** The well-recognized general rule of successor liability provides that an "asset purchaser" will not be liable for the debts and obligations of the selling company. *Flaugher, supra*, at 62. However, four exceptions apply to this general rule: "(1) the buyer expressly or impliedly agrees to assume such liability; (2) the transaction amounts to a *de facto* consolidation or merger; (3) the buyer corporation is merely a continuation

5

of the seller corporation; or (4) the transaction is entered into fraudulently for the purpose of escaping liability." *Id.*

{¶16} Both parties agree that the last three exceptions do not apply in this case. The parties, however, disagree on the applicability of the first recognized exception. Based on the record and facts before us, we find the first exception does apply.

{¶17} Great Lakes, the buyer corporation, expressly or impliedly agreed to assume Terry's Tire Town's prior liability through the plain language of the 2014 Great Lakes Purchase Agreement. The Great Lakes Purchase Agreement did not exclude the 2012 Cintas Service Agreement as an assumed liability. Rather, the Cintas Service Agreement entered into between Terry's Tire Town and Cintas was covered under the Great Lakes Purchase Agreement, which provides in part under Article II, "Sale and Purchase[:]"

{¶18} "2.2 Purchase of Purchased Assets. Subject to the terms and conditions of this Agreement, * * * Asset Buyer shall purchase and accept from TTT, and TTT shall sell, assign, transfer and convey to the Asset Buyer, all of TTT's right, title and interest in and to the assets (other than the Excluded Assets) listed below (the 'Purchased Assets'):

{¶19} "* * *

{¶20} "2.3 Excluded Assets. Other than the Purchased Assets subject to Section 2.2, Asset Buyer expressly understands and agrees that this is not purchasing or acquiring, and TTT is not selling or assigning, any other assets or properties of TTT, and all such other assets and properties shall be excluded from the Purchased Assets (the 'Excluded Assets'). * * *

{¶21} "* * *

{¶22} "2.4 Assumed Liabilities. At Closing, the Asset Buyer will assume and agree to pay, perform and discharge the following Liabilities of Sellers (collectively, the 'Assumed Liabilities'):

{¶23} "(a) All Liabilities to suppliers for materials and services related to the Business ordered in the ordinary course of business consistent with past practices prior to the Closing Date that are scheduled to be delivered or provided thereafter, including, without limitation, those that are set forth on Schedule 2.4(a)[.] * * *

{¶24} "2.5 Excluded Liabilities. The Excluded Liabilities will remain the sole responsibility of and will be retained, paid, performed and discharged as and when due solely by Sellers. 'Excluded Liabilities' means every Liability of Sellers, other than the Assumed Liabilities[.]"

{¶25} As stated, the record establishes that the 2012 Cintas Service Agreement was entered into between Terry's Tire Town and Cintas. The Cintas Service Agreement was executed by Mr. Brott, Terry's Tire Town's Commercial Division Manager, and Mr. Long, a Cintas Service Sales Representative. The Cintas Service Agreement was later terminated by Terry's Tire Town prior to completion of the agreed upon five-year term.

{¶26} In 2014, a Purchase Agreement was entered into between Terry's Tire Town and Great Lakes. Mr. Brott signed the Purchase Agreement as President of Great Lakes. According to Mr. Jones, Operations Manager for Cintas, Cintas was never formally informed regarding any change of ownership and, thus, continued to provide uniform rental services to Great Lakes until February 2016. The location serviced by

7

Cintas continued to use Terry's Tire Town signage on the front of its building during that time period.

{¶27} Under the 2014 Great Lakes Purchase Agreement, Great Lakes assumed the 2012 Cintas Service Agreement. The plain and unambiguous language of Sections 2.4 and 2.5 of the Great Lakes Purchase Agreement reveals that the Cintas Service Agreement was an assumed liability. Mr. Brott indicated that uniforms and facility services were used in the ordinary course of business and this was consistent with past practices of Terry's Tire Town. *See* Section 2.4(a). The trial court properly found that uniforms and facility services were related to the ordinary course of business.

{¶28} In addition, Mr. Brott signed both the Cintas Service Agreement and the Great Lakes Purchase Agreement. Mr. Brott did not specifically exclude the Cintas Service Agreement in Section 2.3 and the contract was assumed under the plain language of Section 2.4(a). Thus, the Cintas Service Agreement was not excluded by the Great Lakes Purchase Agreement. *See* Section 2.5. The trial court correctly applied the plain language of the contract to the facts presented and found in favor of Cintas.

{¶29} The record further establishes that Great Lakes did not merely "purchase only the assets" of Terry's Tire Town. Rather, Great Lakes assumed a number of liabilities through the Purchase Agreement. *See* Sections 2.3; 2.4; 2.5. The trial court properly determined that Great Lakes "purchased the assets" and liabilities of Terry's Tire Town. Due to the plain and unambiguous language in the Great Lakes Purchase Agreement, the trial court committed no error in finding Great Lakes liable for the assumed debts and obligations of Terry's Tire Town, specifically the sum of $5,450.44

8

due to Cintas.  The trial court's findings of fact are supported by competent, credible evidence.

{¶30}  For the foregoing reasons, appellant's sole assignment of error is not well-taken.  The judgment of the Girard Municipal Court is affirmed.


THOMAS R. WRIGHT, P.J.,

TIMOTHY P. CANNON, J.,

concur.

9