DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Wood County Court of Common Pleas, Juvenile Division, which granted appellee Patrick T.'s request to change Matthew E.'s surname to the hyphenated name of Matthew E.-T. For the reasons stated herein, this court affirms the judgment of the trial court.
The following facts are relevant to this appeal. This is the second appeal involving Patrick and appellant Michelle E.,[1] the parents of Matthew E., born on August 16, 1996, during her marriage to Billy L. In the first appeal, this court affirmed the trial court's decision awarding child support retroactive to the child's birth. This court also affirmed the trial court's refusal, after applying the best interests of the child test of R.C. 3111.13(C), to change Matthew's last name. See Patrick T.v. Michelle L. (Nov. 30, 2000), 6th Dist. No.
WD-00-005, discretionary appeal not allowed (2001), 91 Ohio St.3d 1481. The operative facts and history are set forth in that appeal and will not be repeated here.
This appeal arises from the trial court's denial of a motion filed by Michelle for reconsideration of the settlement agreement entered into by the parties regarding a name change. In a motion filed on August 15, 2001, Patrick argued that in all prior pleadings, Michelle had represented to the court that Matthew's last name was L., the last name of Michelle's husband, but on the child's birth certificate, his last name was E., Michelle's maiden name. A hearing on Patrick's motion was held on January 10, 2002. The transcript of this hearing is not part of the record on appeal. In a report submitted that same day, Matthew's CASA recommended hyphenation of Matthew's last name.
On January 17, 2002, Michelle filed her motion for reconsideration of the settlement agreement. In her motion, Michelle's counsel argued that "unbeknownst" to him[2], the first appeal had affirmed the denial of the first motion for name change and, thus, res judicata, claim preclusion and collateral estoppel barred consideration of this issue. Patrick filed a motion to confirm the settlement agreement. In a January 24, 2002 judgment entry, the trial court ordered that the parties submit legal arguments on the motion for reconsideration.
In a February 2, 2002 judgment entry, the trial court denied Michelle's motion. The trial court found that due to her prior misrepresentation of Matthew's last name in both the trial and appellate courts, neither the trial court nor Patrick was aware that Matthew's last name was different than represented. Thus, the trial court concluded that the current name change motion was not barred by res judicata, claim preclusion or collateral estoppel. In denying Michelle's motion, the trial court also noted that both parties appeared at the name change hearing with counsel; that both parties agreed under oath to the name change; and that both parties agreed under oath that the name change was in Matthew's best interests. Michelle filed a timely notice of appeal and sets forth the following assignment of error:
"The Trial Judge Erred by Forcing the Parties to Settle the Issue of the Name Change When the Issue of Name Change has Already Been Judicially Determined."
Before we address this assignment of error, this court notes that Michelle has failed to provide this court with a trial court transcript. It is an appellant's responsibility to provide the reviewing court with a trial transcript. App.R. 9. A reviewing court is limited to the trial court record. State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus. Without a transcript, the reviewing court must assume regularity in the trial court's proceedings. In Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199, the Ohio Supreme Court held:
"When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."
Thus, this court will presume the validity of the trial court's proceedings and that the trial court did not "force" the parties into this settlement agreement.
Additionally, this court finds Michelle's arguments to be without merit. In Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus, the Ohio Supreme Court held:
"A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." (Citations omitted.) The Court noted that "res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)." Id. at 381. Michelle's argument is one of issue preclusion or collateral estoppel. In Ft. FryeTeachers Assn., OEA/NEA v. State Emp. Relations Bd. (1998),81 Ohio St.3d 392, 395, the Ohio Supreme Court noted the following in regard to issue preclusion:
"* * * [I]ssue preclusion * * * holds that a fact or a point that wasactually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different." (Citations omitted.) (Emphasis added.)
As the trial court correctly noted, Patrick's new motion for name change after the revelation of Matthew's true last name, which occurred after the previous rulings by the trial and appellate courts, was not barred by res judicata, claim preclusion or collateral estoppel.
Furthermore, it is well established that settlement agreements voluntarily and fairly made between competent persons are valid and enforceable. Continental W. Condominium Unit Owners Assn. v. Howard E.Ferguson, Inc. (1996), 74 Ohio St.3d 501, 502. See, also, Spercel v.Sterling Industries (1972), 31 Ohio St.2d 36, 39-41. Thus, this court finds Michelle's arguments are without merit.
Accordingly, appellant's single assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Wood County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.
[1] As noted by the trial court and the Court Appointed Special Advocate ("CASA"), Michelle and Billy were obtaining a divorce and she had resumed using her maiden name.
[2] Michelle's current attorney filed a notice of appearance in the trial court on November 9, 2001.