JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants, Wanda Griffin, et al., appeal the judgment of the trial court denying their motions to show cause and to modify agreed judgment entry. For the reasons set forth below, we reverse and remand.
 {¶ 2} Plaintiff-appellee, Community Development Properties Cleveland, Inc., initiated this landlord/tenant action against appellants on May 1, 2003. Specifically, Community Development, the landlord, sought release of rent monies that appellants, elderly and/or disabled tenants of the Rainbow Apartments in Cleveland, had deposited with the court pending Community Development's repairs pursuant to various building and housing code violations. Appellants filed a counterclaim, alleging several causes of action relative to the property maintenance and repairs at the Rainbow Apartments. One of those claims related to alleged malfunctioning of the elevators at the Rainbow Apartments. *Page 3 
 {¶ 3} On March 11, 2004, a magistrate issued a decision, which provided in relevant part:
 {¶ 4} "[An inspector] offered credible testimony that the elevators in Rainbow 1 and 2 are code compliant. However, the elevators must also be maintained in good and safe working order and condition. O.R.C.5321.04[A](4). The need to keep said elevators in good and safe working order and condition becomes even more critical when considering the fact that the majority of the residents in Rainbow 1 and 2, including defendants, are elderly and/or disabled and depend on the elevators for access to and from their unit. * * * [T]he Court finds that the elevators on the subject premises are not in good and safe working order and condition.
 {¶ 5} "* * *
 {¶ 6} "[Community Development] is further ordered to repair and/or update the elevators in Rainbow 1 and 2 to ensure the proper functioning of the elevators and to prevent sudden stops upon the shifting weight in the elevator, and excessive breakdowns/malfunctions."
 {¶ 7} Thereafter, on June 15, 2004, the parties entered into an agreed judgment, which in relevant part provided:
 {¶ 8} "7. The court previously ordered [Community Development] to maintain the elevators at Rainbow 1 and 2 in good working order as referenced in the Magistrate's Opinion of March 11, 2004. The date of compliance is extended to 60 *Page 4 
days from the filing of this order. Nothing herein shall prevent the City of Cleveland from enforcing the Building and Housing Code of the City of Cleveland.
 {¶ 9} "8. In the event Defendants allege a breach of the duty set forth in the first sentence of paragraph 7, the parties agree that the Division of Building and Housing shall be arbiter as to whether [Community Development] has achieved compliance."
 {¶ 10} On December 20, 2004, appellants filed a motion to show cause why Community Development should not be held in contempt for allegedly failing to comply with the June 15, 2004 agreed judgment. The court held a hearing on appellants' motion on May 10, 2005. At the hearing, Andrew Valek, Sr., an elevator inspector for the city of Cleveland, gave his opinion regarding whether Community Development had complied with paragraph seven of the June 15, 2004 agreed judgment. Valek explained that he had tested the four elevators at the Rainbow Apartments, and that he found them all to be code complaint and in good and safe working condition. Valek further testified that he did not observe or experience any malfunctioning of the elevators. Valek stated that, in his professional opinion, the standard for evaluating an elevator's working and safety condition is based solely on the city of Cleveland Building and Housing Code. Valek testified, therefore, that the appellants' personal experiences with the elevators stopping suddenly or frequently malfunctioning did not influence his opinion that they were in good and safe working order. *Page 5 
 {¶ 11} Appellants filed a motion to modify the agreed judgment on July 11, 2005. In their motion, appellants maintained that Valek did not properly perform his duties as arbiter because he did not consider the good and safe working order standard as set forth in R.C. 5321.04. Appellants argued that the court should be the arbiter and that tenants of the Rainbow Apartments, including themselves, should be allowed to testify as to the good and safe working order of the elevators.
 {¶ 12} In a July 19, 2005 magistrate's decision and judgment entry, the trial court concluded that, pursuant to the June 15, 2004 agreed judgment, the parties designated a city of Cleveland elevator inspector "as the sole determiner of compliance." The court further found that, "[t]he agreement does not mandate how the inspector is to determine compliance. Therefore, the parties will be bound by the findings of the Inspector." Relying on Valek's testimony, the trial court denied appellants' motions to show cause and to modify the agreed judgment entry. Appellants filed this appeal after their objections to the magistrate's decision were denied.
 {¶ 13} In their first assignment of error, appellants contend that the trial court erred by failing to recognize and apply the non-code obligations of the agreed judgment. In their second assignment of error, appellants contend that the trial court erred by not allowing testimony of the alleged non-code violations.
 {¶ 14} In regard to the first assigned error, the issue involves the trial court's ruling on essentially a motion to enforce a settlement agreement. "[B]ecause the *Page 6 
issue is a question of contract law, Ohio appellate courts must determine whether the trial court's order is based on an erroneous standard or a misconstruction of the law." Continental West CondominiumUnit Owners Ass'n v. Howard E. Ferguson, Inc., 74 Ohio St.3d 501, 502,1996-Ohio-158, 660 N.E.2d 431. A de novo standard of review is used regarding the interpretation of a written contract. Lovewell v.Physicians Ins. Co. of Ohio, 79 Ohio St.3d 143, 144, 1997-Ohio-175,679 N.E.2d 1119. "The purpose of contract construction is to effectuate the intent of the parties[,]" and that intent "is presumed to reside in the language they chose to employ in the agreement. " Kelly v. Med. LifeIns. Co. (1987), 31 Ohio St.3d 130, 132, 509 N.E.2d 411.
 {¶ 15} The plain language of the parties' agreement states that the court ordered the elevators to be "in good working order as referenced in the Magistrate's Opinion of March 11, 2004." The magistrate's opinion provided that "the elevators must also be maintained in good and safe working order and condition[,]" and referenced R.C. 5321.04.[1] The statutory "good and safe *Page 7 
working order" standard requires more than code compliance. Indeed, the magistrate's opinion found that, while the elevators were code compliant, they were not "maintained in good and safe working order and condition." Valek's findings, however, were based solely on whether the elevators were code complaint. Thus, the trial court erred by failing to recognize and apply the non-code obligations of the agreed judgment. Appellants' first assignment of error is sustained.
 {¶ 16} In regard to appellants' second assignment of error, relative to not allowing them to testify as to the conditions of the elevators, we note that evidentiary rulings lie within the broad discretion of the trial court and will form the basis for reversal on appeal only upon an abuse of discretion which amounts to prejudicial error. Evid.R. 103(A). An abuse of discretion connotes more than an error in judgment, but rather implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 17} Given the fact that the trial court was proceeding under the theory that Community Development only had to be code compliant in regard to the operation of the elevators, it did not abuse its discretion in limiting the testimony to Valek. However, because we have determined that more than code compliance was necessary, it would be an abuse of discretion, upon remand, not to allow appellants to testify.
 {¶ 18} Accordingly, appellants' second assignment of error is overruled; on remand, however, appellants should be permitted to testify. *Page 8 
 {¶ 19} In their third and final assignment of error, appellants contend that the trial court erred by denying the motion to modify the agreed judgment entry. Specifically, in that motion, appellants sought a modification to the agreed entry that would make the trial court, instead of the city of Cleveland, the arbiter if they a file a motion to show cause alleging Community Development violated the agreed judgment entry. Appellants argued that a significant change in circumstances, i.e., Valek's unwillingness to make any determination relative to alleged non-code violations, necessitated the modification.
 {¶ 20} In Rufo v. Inmates of Suffolk Cty. Jail (1992), 502 U.S. 367,112 S.Ct. 748, 116 L.Ed.2d 867, the United States Supreme Court addressed the standard for determining whether to modify a consent order because of changed circumstances. Pursuant to the standard set forth inRufo:
 {¶ 21} "* * * a party seeking modification of a consent decree bears the burden of establishing that a significant change in circumstances warrants revision of the decree. If the moving party meets this standard, the court should consider whether the proposed modification is suitably tailored to the changed circumstance." Id. at 383.
 {¶ 22} The Court further held that "[a] party seeking modification of a consent decree may meet its initial burden by showing a significant change either in factual conditions or law." Id. at 384. A significant change in facts warrants a modification of a decree when the change was unforseen and as a result of the change, "the *Page 9 
decree proves to be unworkable." Id. "Once a party has met its initial burden of establishing either a change in fact or on law warranting a modification of a consent decree, the district court should determine whether the proposed modification is suitably tailored to the changed circumstance." Id. at 391.
 {¶ 23} Here, Valek was unwilling to make a determination relative to alleged non-code violations. As previously discussed, the agreed judgment contemplates more than just code violations. Valek, therefore, was unable to fulfill his role as arbiter pursuant to the agreement. As such, there was a significant change in circumstances warranting a modification of the agreed judgment entry. Moreover, the proposed modification, that the trial court serve as arbiter, was suitably tailored to the changed circumstance.
 {¶ 24} Based upon the above mentioned, appellants' third assignment of error is sustained and upon remand the trial court shall serve as the arbiter.
Judgment reversed and remanded.
It is ordered that appellants recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 10 
CHRISTINE T. McMONAGLE, JUDGE
JAMES J. SWEENEY, P. J., CONCURS
ANTHONY O. CALABRESE, JR., J., DISSENTS
[1] R.C. 5321.04(A)(4), governing obligations of a landlord provides that:
"A landlord who is a party to a rental agreement shall * * * [m]aintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating, and air conditioning fixtures and appliances, and elevators, supplied or required to be supplied by him[.]"