[Cite as *Lichtenwalter v. Stark Cty. Dept. of Jobs & Family Servs.*, 2012-Ohio-75.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DOROTHY LICHTENWALTER | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Appellant | Hon. Sheila G. Farmer, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | Case No. 2011CA00154 |
| STARK COUNTY DEPARTMENT OF<br>JOBS AND FAMILY SERVICES, ET AL. | |
| | O P I N I O N |
| Appellee | |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas, Juvenile Division, Case No. 2010JCV00609 |
| JUDGMENT: | Affirmed in part; reversed in part, and Remanded |
| DATE OF JUDGMENT ENTRY: | January 9, 2012 |
| APPEARANCES: | |

For Appellant

GREGORY J. RUFO
BRIAN K. NAM
The Rufo Law Firm
900 Chase Tower
101 Central Plaza S.
Canton, Ohio 44702

For Appellee

LISA A. LOUY
Legal Counsel
Stark County JFS
221 Third Street SE
Canton, Ohio 44702

Appellee

MARY K. HEADLEY
325 Clarendon, NW
Canton, Ohio 44708

*Hoffman, P.J.*

**(¶1)** Appellant Dorothy Lichtenwalter ("Paternal Grandmother") appeals the June 17, 2011 Judgment Entry entered by the Stark County Court of Common Pleas, Juvenile Division, which granted legal custody of her four minor grandchildren to Mary Kay Headley ("Maternal Grandmother") and provided Appellant visitation with the children as directed by Maternal Grandmother.  Appellee is Stark County Department of Jobs and Family Services ("SCJFS").

STATEMENT OF THE FACTS AND CASE

**(¶2)** Paternal Grandmother is the paternal grandmother of T.L. (dob 2/27/02); R.L. (dob 8/29/03); A.L. (dob 8/12/07) and E.L. (dob 8/14/09). SCJFS filed a Complaint on June 4, 2010, requesting legal custody of the four children be given to Maternal Grandmother.  The children were removed from their parents' custody on that day. The trial court conducted a shelter care hearing on June 4, 2010, ordered the children be placed in the emergency temporary custody of Maternal Grandmother, and granted protective supervision to SCJFS. The children remained with Maternal Grandmother throughout the course of the proceedings.

**(¶3)** Paternal Grandmother filed a Motion to Intervene/Motion for Custody.  The trial court found the children to be dependent and continued temporary custody with Maternal Grandmother.  The trial court ordered SCJFS to view the physical condition of Paternal Grandmother's home. After conducting a hearing, the trial court granted Paternal Grandmother's request to intervene.  Thereafter, Paternal Grandmother filed a Motion for Legal Custody/Motion for Grandparent Visitation Rights.  Paternal Grandmother included a request for interim visitation orders.  Following a hearing, the

parties agreed visitation would occur at the recommendation of the CASA/GAL and T.L.'s therapist, Dr. Robin Tener.

**(¶4)** SCJFS filed a motion to change legal custody of the children to Maternal Grandmother on March 23, 2011. Paternal Grandmother filed a motion for legal custody. Father filed a motion for return of custody. The trial court scheduled a hearing on the motions for June 14, 2011. Prior to the motions hearing, Paternal Grandmother filed a motion for in-camera interview with the children.

**(¶5)** The trial court conducted the hearing on the motions on June 17, 2011. The trial court found neither parent had completed his/her case plan; Father was living with Paternal Grandmother; and Dr. Tener as well as the CASA/GAL recommended the children remain in the custody of Maternal Grandmother and visitation with Paternal Grandmother be limited for fear of exposure to Father. The trial court granted legal custody to Maternal Grandmother subject to visitation with Paternal Grandmother as directed by Maternal Grandmother. The trial court memorialized its decision via Judgment Entry filed June 17, 2011. The June 17, 2011 Judgment Entry did not terminate SCJFS's involvement, however, notice of termination was provided to the trial court and the parties on June 29, 2011.

**(¶6)** Paternal Grandmother raises the following assignments of error:

**(¶7)** "I. THE TRIAL COURT ERRED BY NOT CONDUCTING AN IN-CAMERA INTERVIEW OF THE TWO OLDEST CHILDREN.

**(¶8)** "II. THE TRIAL COURT ERRED IN ORDERING THAT THE PATERNAL GRANDMOTHER'S VISITATION IS AS DIRECTED BY THE LEGAL CUSTODIAN.

(¶9)   "III. THAT THE TRIAL COURT'S DECISION IN REGARDS TO THIS MATTER CONSTITUTES AN ABUSE OF DISCRETION."

I

(¶10)  In her first assignment of error, Paternal Grandmother contends the trial court erred by failing to conduct an in-camera interview of the two oldest children. Paternal Grandmother notes both R.C. 3109.04 and 2151.414 set forth factors a trial court may consider in determining the best interest of a child.  Both statutes permit a trial court to conduct an in-camera interview to determine the wishes of a child. Paternal Grandmother adds the trial court's failure to conduct such an interview after a party has requested one is reversible error.

(¶11)  Paternal Grandmother correctly asserts R.C. 3109.04(B)(1) allows the trial court, in its discretion, or upon the request of either party, to "interview in chambers any or all of the involved children regarding their wishes and concerns with respect to the allocation."  However, we find R.C. 3109.04 is not applicable in the instant action.  R.C. 3109.04 is applicable "[i]n any divorce, legal separation, or annulment proceeding and in any proceeding pertaining to the allocation of parental rights and responsibilities for the care of a child, * * *."  R.C. 3109.04(A).  The instant action did not involve any of the enumerated proceedings.

(¶12)  In *In re Funk,* Portage App. Nos.2002-P-0035, 2002-P-0036, 2002-Ohio-4958, the Ninth District Court of Appeals noted, " * * * R.C. 2151.414(D)(2) clearly provides that a child's wishes may be 'expressed directly by the child or through the child's guardian ad litem * * * [.]' That is to say, a juvenile court has the option of either having the child assert his or her opinion, through, for example, an in-camera interview

or testimony, or the court may rely upon the guardian ad litem's representations with respect to the child's desires. Because the juvenile court has a choice, the decision not to conduct an in camera interview will be reversed only if the court abused its discretion in declining to do so. (Citation omitted)." Id. at para. 30.

(¶13) Based on the testimony of Dr. Tener and the CASA/GAL, and in light of the entire record and GAL report, we find the trial court's failure to conduct of an in camera interview of the two older children was not an abuse of discretion or reversible error in this case.

(¶14) Paternal Grandmother's first assignment of error is overruled.

II

(¶15) In her second assignment of error, Paternal Grandmother asserts the trial court erred in ordering her visitation be as directed by Maternal Grandmother. We agree.

(¶16) The caseworker and Dr. Tener both testified Paternal Grandmother and the children should have a definite visitation schedule. Only the CASA/GAL recommended visitation at Maternal Grandmother's discretion. Testimony at the hearing revealed the discretionary visitation was working initially, however, at the time of the hearing, such was not the case.

(¶17) We find the best course of action would have been for the trial court to create a set visitation schedule to avoid potential future litigation between the Grandmothers.

(¶18) Paternal Grandmother's second assignment of error is sustained.

III

**(¶19)** In her final assignment of error, Paternal Grandmother contends the trial court's decision was an abuse of discretion. We disagree.

**(¶20)** Paternal Grandmother asserts the evidence revealed the best interest of the children would be served by granting her legal custody of the children. Paternal Grandmother submits the case worker testified there was no problem with Paternal Grandmother as a care giver. Further, Paternal Grandmother never was required to do any case plan services, and previously had been approved by SCJFS to care for her two older grandchildren, who are the minor children's step-siblings. The evidence revealed Paternal Grandmother had a strong relationship with the children, and she had been integral in rearing them from an early age.

**(¶21)** We find the trial court had ample evidence to support its decision to grant legal custody to Maternal Grandmother. The case worker testified the children had been placed with Maternal Grandmother since the case began and were doing well. Their lives were stable, which was particularly important for the oldest child, T.L., as he has numerous mental health issues. The CASA/GAL reiterated this sentiment. The older children were doing well in school and had excellent attendance. Maternal Grandmother's home was calm, thus the children were calm. Maternal Grandmother had a routine established and the children were acclimated to the home life.

**(¶22)** Further, testimony was presented which showed Paternal Grandmother's home would not be the best placement for the children. Parents, who had failed to complete any aspect of their individual case plans, were living with Paternal Grandmother. Overnight and weekend visitations were a concern as well. Dr. Tener

testified T.L. needed emotional stability which he receives with Maternal Grandmother. Dr. Tener added T.L. was thriving with Maternal Grandmother. The boy feels safe and secure.  Dr. Tener asked, "If it is not broken, why fix it?"

(¶23)  Paternal Grandmother's third assignment of error is overruled.

(¶24)  The judgment of the Stark County Court of Common Pleas, Juvenile Court Division, is affirmed in part; reversed in part; and the matter remanded for further proceedings consistent with this opinion and the law.

By: Hoffman, P.J.

Farmer, J.  and

Edwards, J. concur

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Julie A. Edwards _____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

DOROTHY LICHTENWALTER          :
                               :
        Appellant              :
                               :
-vs-                           :        JUDGMENT ENTRY
                               :
STARK COUNTY DEPARTMENT OF     :
JOBS AND FAMILY SERVICES, ET AL. :
                               :
        Appellee               :        Case No. 2011CA00154


For the reasons stated in our accompanying Opinion, the judgment of the Stark County Court of Common Pleas, Juvenile Court Division, is affirmed in part; reversed in part; and the matter remanded for further proceedings consistent with our opinion and the law. Costs split equally.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS