[Cite as *Roberts v. Marks*, 2017-Ohio-1320.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

DAVID H. ROBERTS,

    PLAINTIFF-APPELLEE,            CASE NO.  7-16-15

    v.

JERRY A. MARKS,

    DEFENDANT-APPELLANT
    -and-
                               O P I N I O N
WILLIAM R. MEYERS,

    DEFENDANT-APPELLEE.

Appeal from Henry County Common Pleas Court
Trial Court No. 13CV0071

Judgment Affirmed

Date of Decision:   April 10, 2017

APPEARANCES:

    *Tammy G. Lavalette and H. Buswell Roberts, Jr.*  for Appellant

    *Albert L. Potter, II* for Appellee, William R. Meyers

**ZIMMERMAN, J.,**

{¶1} Appellant, Jerry A. (Tony) Marks ("Marks") appeals the September 26, 2016 judgment and order of the Henry County Court of Common Pleas awarding judgment in favor of William R. Meyers ("Meyers") on a breach of contract/indemnification action.

*Facts and Procedural History*

{¶2} David H. Roberts ("Roberts"), Marks, and Meyers were equal co-owners of an entity known as MRT Leasing, LLC ("MRT Leasing"). MRT Leasing constructed and owned a warehouse operation located in Henry County, Ohio. On December 29, 2005, Roberts, Marks, and Meyers entered into a purchase and sale agreement ("Roberts Agreement"), in which Marks and Meyers purchased Roberts' interest in MRT leasing. The Roberts Agreement provided that Marks and Meyers were "individually and together collectively the Purchaser" of Roberts' interest in the leasing company for the purchase price of $450,000. The purchase contract called for an initial $45,000 down payment, with the remaining balance to be paid over a period of 96 months, with interest set at 3.5% per annum. Marks and Meyers had a verbal agreement that Marks would make the payments to Roberts.

{¶3} On July 30, 2009, Meyers filed an action seeking a judicial dissolution of MRT Leasing, then known as Southpoint Business Park, LLC ("Southpoint") in the trial court. Southpoint had a business loan with First Merit Bank and due to the

judicial dissolution suit filed by Meyers, First Merit Bank called its note on the Southpoint property. The trial court appointed a receiver for Southpoint.

{¶4} Shortly thereafter, Roberts filed suit against Marks and Meyers in the trial court (in a case separate from the judicial dissolution action), due to their non-payment under the Roberts Agreement. A hearing was held in that case on September 2, 2010 revealing the balance of the debt owed (to Roberts) by Marks and Meyers to be approximately $365,000. Neither Marks nor Meyers were aware of the amounts paid on the debt (to Roberts) by the other.

{¶5} Thereafter, Marks and Meyers met on September 1, 2011 to discuss settlement of the lawsuits. Both parties were represented by counsel. The meeting resulted in a settlement between Marks and Meyers memorialized by a handwritten agreement (Meyers Dep. Ex. A) signed by the parties. On November 15, 2011 a written agreement, identified as the parties' Settlement Agreement ("Settlement Agreement") (Meyers Dep. Ex. D) was signed by the parties. Both agreements required Marks to pay the debt owed Roberts and to indemnify Meyers thereupon. However, the handwritten agreement did not contain the exact amount of the debt owed to Roberts, providing only that Marks was to pay the Roberts debt and indemnify Meyers therein. Finally, First Merit Bank was aware of and approved the Settlement Agreement (entered into by Marks and Meyers) and reinstated its loan to Southpoint.

{¶6} On May 15, 2013 Roberts again filed suit against Marks and Meyers in the trial court, due to the nonpayment of the debt owed. On June 24, 2013 Meyers filed his cross-claim against Marks asserting a breach of their Settlement Agreement concerning the indemnification of the payments to Roberts. The trial court granted Roberts summary judgment against Marks and Meyers, jointly and severally, in the amount of $323,794.90 plus interest at the rate of 3.5% per annum.

{¶7} Meyers then moved for summary judgment on his cross-claim versus Marks for indemnification. Marks opposed the motion and filed his separate motion for summary judgment. The trial court found material issues of fact present and denied both motions. Thereafter, a bench trial on Meyers' cross-claim occurred, resulting in the trial court awarding judgment in favor of Meyers against Marks in the amount of $323,794.90 plus interest. The trial court further granted judgment in favor of Meyers (against Marks) for $37,000 for the amount which Meyers paid (to Roberts) after the trial court granted summary judgment on January 9, 2015. Marks appeals these judgments and the trial court's failure to grant summary judgment pursuant to his request.

*Assignments of Error*

{¶8} Marks presents the following two assignments of error for our review:

**ASSIGNMENT OF ERROR NO. 1**

**THE TRIAL COURT ERRED IN DENYING DEFENDANT/CROSS-CLAIM DEFENDANT APPELLANT**

**MARKS' CROSS-MOTION FOR SUMMARY JUDGMENT REGARDING APPELLEE'S BREACH OF A WARRANTY IN AN UNAMBIGUOUS AND INTEGRATED CONTRACT, WHERE THE MOTION WAS DENIED BASED UPON THE EXISTENCE OF QUESTIONS OF FACT REGARDING INADMISSIBLE PAROL EVIDENCE.**

### ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT ERRED IN GRANTING JUDGMENT IN FAVOR OF DEFENDANT/CROSS-CLAIM PLAINTIFF APPELLEE MEYERS, AFTER A BENCH TRIAL, WHERE THE TRIAL COURT'S FINDINGS OF FACT DEMONSTRATE THAT THE TRIAL COURT RELIED ON INADMISSIBLE PAROL EVIDENCE TO DISREGARD THE CONTENTS OF AN UNAMBIGUOUS AND INTEGRATED CONTRACT BETWEEN THE PARTIES.**

{¶9} On appeal, Marks challenges the trial court's reliance on parol evidence to interpret the Settlement Agreement between Meyers and Marks. Specifically, Marks argues that the Settlement Agreement of September 1, 2011 was a complete and integrated contract, and the trial court should have granted him summary judgment on the pleadings and therefore the judgments of the trial court were improper.

*Standard of Review*

{¶10} An appellate court reviews a trial court's decision on a motion for summary judgment *de novo*. *Hancock Fed. Credit Union v. Coppus,* 2015-Ohio-5312, 54 N.E.3d 806, ¶ 15 (3rd Dist.). Summary judgment is appropriate when, looking at the evidence as a whole: (1) there is no genuine issue as to any material

fact; (2) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made; and, therefore, (3) the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); *Adkins v. Chief Supermarket,* 3rd Dist. Paulding No. 11-06-07, 2007-Ohio-772, ¶ 7. If any doubts exist, the issue must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-59, 1992-Ohio-95, 604 N.E.2d 138. The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-93, 1996-Ohio-107, 662 N.E.2d 264. In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument. *Id.* "The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings". *Brickner v. Wittwer*, 3rd Dist. Hardin No. 6-10-12, 2011-Ohio-39, ¶ 11; Civ.R. 56(E).

{¶11} Similarly, the construction and interpretation of contracts are matters of law subject to a *de novo* standard of review. *Langfan v. Carlton Gardens Co.*, 183 Ohio App.3d 260, 2009-Ohio-3318, 916 N.E.2d 1079, ¶ 24 (3rd Dist.). When evidence is admitted in violation of the parol evidence rule, the standard of review is "harmless error." *Id.* The elements necessary to form a contract include "an offer,

acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object of consideration." *Kostelnik v. Helper,* 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 16 quoting *Perlmuter Printing Co. v. Strome, Inc.,* 436 F.Supp. 409, 414 (N.D.Ohio 1976). In addition, "[a] meeting of the minds as to the essential terms of the contract is a requirement to enforcing the contract. *Id.*

*Settlement Agreements*

{¶12} Settlement agreements are contracts designed to terminate a claim by preventing or ending litigation. *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.,* 74 Ohio St.3d 501, 502, 1996-Ohio-158, 660 N.E.2d 431. Such agreements are valid and enforceable by either party. *Kaple v. Benchmark Materials*, 3rd Dist. Seneca No. 13-03-60, 2004-Ohio-2620, ¶ 6. To resolve issues involving settlement agreements, the reviewing court must analyze what the parties are disputing. "[W]here the meaning of terms of a settlement agreement are disputed, or where there is a dispute that contests the existence of a settlement agreement, a trial court must conduct an evidentiary hearing prior to entering judgment." *Id.* at ¶ 4, quoting *Rulli v. Fan Co.*, 79 Ohio St.3d 374, 1997-Ohio-380, 683 N.E.2d 337, syllabus. " '[A]ll agreements have some degree of indefiniteness and some degree of uncertainty. In spite of its defects, language renders a practical service. In spite of ignorance as to the language they speak and

write, with resulting error and misunderstanding, people must be held to the promises they make.'" *Kostelnik* at ¶ 17, quoting 1 *Corbin on Contracts*, Section 4.1, (Rev. Ed. 1993).

*First Assignment of Error: Ruling on Summary Judgment*

{¶13} In the first assignment of error, Marks asserts that the trial court erred in overruling his motion for summary judgment because the trial court considered inadmissible parol evidence in determining (that) a question of fact existed as to the exact amount of indemnification owed on the Roberts Agreement.

{¶14} "When reviewing the grant of a motion for summary judgment, appellate courts review the judgment independently and do not give deference to the trial court." *J.A. Industries, Inc. v. All Am. Plastics, Inc.,* 133 Ohio App.3d 76, 82, 1999-Ohio-817, 726 N.E.2d 1066 (3rd Dist.). "Accordingly, the appellate standard for summary judgment is the same as that of the trial court." *Id.*

{¶15} Furthermore, in *Dresher*, the Ohio Supreme Court held that parties seeking summary judgment must "specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." *Dresher, supra,* at 293. If the moving party satisfies that burden, the party opposing summary judgment must "set forth specific facts showing that there is a genuine issue for trial," and summary judgment is proper if the party opposing judgment fails to set forth such

facts. *Id.,* citing Civ.R. 56(E). Finally, we are mindful of the general rule that reviewing courts may not reverse a correct judgment merely because it was based upon erroneous reasoning. *See, e.g., State ex rel. Parsons v. Fleming,* 68 Ohio St.3d 509, 514, 1994-Ohio-172, 628 N.E.2d 1377.

{¶16} Marks' contention that the trial court considered inadmissible parol evidence in denying his summary judgment motion is misplaced. "'The parol evidence rule states that 'absent fraud, mistake, or other invalidating cause, the parties' final written integration of their agreement may not be varied, contradicted, or supplemented by evidence of prior or contemporaneous oral agreements, or prior written agreements.'" *Galmish v. Cicchini,* 90 Ohio St.3d 22, 27, 2000-Ohio-7, 734 N.E.2d 782, quoting 11 *Williston on Contracts*, Section 33:4, at 569-570 (4 Ed.1999). "The parol evidence rule * * * is not a rule of evidence but is one of substantive law." *Id.* "The rule comes into operation when there is a single and final memorial of the understanding of the parties. When that takes place, prior and contemporaneous negotiations, oral or written, are excluded; or as it is sometimes said, the written memorial supersedes these prior or contemporaneous negotiations.'" *Id.,* quoting *In re Gaines' Estate,* 15 Cal.2d 255, 264-265, 100 P2d 1055 (1940). The parol evidence rule is designed to protect the integrity of final, written agreements. *Cronkelton v. Guaranteed Constr. Servs.,* 2013-Ohio-328, 988 N.E.2d 656, ¶ 9 (3rd Dist.).

{¶17} In the case before us, the parties did not have a "single and final memorial" of their settlement, rather, they had two agreements: the handwritten agreement and the typed Settlement Agreement, which were in conflict as to indemnification. (Meyers Dep. Ex. A, D). Thus, the trial court correctly determined that a genuine issue of material fact existed as to the amount of indemnification (to Roberts), the terms of such agreement in that regard, and the parties' intent.

{¶18} The Ohio Supreme Court has stated that the issue of "whether the parties intended to be bound * * * is a question of fact properly resolved by the trier of fact." *B.W. Rogers Co. v. Wells Bros.,* 3rd Dist. Shelby No. 17-11-25, 2012-Ohio-750, ¶ 21, quoting *Oglebay Norton Co. v. Armco, Inc.,* 52 Ohio St.3d 232, 235, 556 N.E.2d 515, (1990); *Normandy Place Assoc. v. Beyer,* 2 Ohio St.3d 102, 106, 443 N.E.2d 161, (1982) ("Whether the parties intended a contract remains a factual question, not a legal one, and as such is an issue to be resolved by the finder of fact.") *See, also, Am.'s Floor Source, L.L.C. v. Joshua Homes,* 191 Ohio App.3d 493, 2010-Ohio-6296, 946 N.E.2d 799, ¶ 44 (10th Dist.); *Grdn. Alarm Co. v. Portentoso,* 196 Ohio App.3d 313, 2011-Ohio-5443, 963 N.E.2d 225, ¶ 17 (3rd Dist.).

{¶19} Furthermore, the Ohio Supreme Court, in *Rulli* stated that "[w]here the meaning of the terms of a settlement agreement is disputed, * * * a trial court

*must conduct an evidentiary hearing* prior to entering judgment." (Emphasis added.) *Rulli, supra,* at paragraph two of the syllabus.

{¶20} Because a genuine issue of material fact existed as to the exact amount Marks and Meyers' owed Roberts, a fact which was not reconciled by the parties' handwritten and typed settlement agreements, the trial court was required to conduct a hearing on that issue before entering judgment. Thus, the trial court properly denied Marks' motion for summary judgment. The first assignment of error is overruled.

### *Second Assignment of Error – Judgment on Cross Claim*

{¶21} In his second assignment of error, Marks maintains that the trial court erred in granting judgment in favor of Meyers by relying upon inadmissible parol evidence to disregard the parties' unambiguous and integrated contract.

{¶22} We disagree.

{¶23} Our *de novo* review of the trial court's decision as to the terms of the parties' Settlement Agreement, raises "mixed questions of fact and law." *Hickman v. Cole,* 3rd Dist. Hancock No. 5-98-30, 1999 WL 254379, *4 (April 7, 1999). "'We accept the facts found by the trial court on some competent, credible evidence, but freely review application of the law to the facts. A reviewing court should be guided by a presumption that the findings of a trial court are correct, since the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice

inflections, and use their observations in weighing credibility of the proffered testimony.'" *B.W. Rogers, Co.,* 3rd Dist. Shelby No. 17-11-25, 2012-Ohio-75, ¶ 29, quoting *Cramer v. Bucher*, 3rd Dist. Hancock No. 5-02-01, 2002-Ohio-3397, ¶ 9, quoting *McSweeney v. Jackson,* 117 Ohio App.3d 623, 632, 691 N.E.2d 303 (4th Dist.1996).

**{¶24}** The trial court's judgment entry recites its factual findings relative to the judgment rendered in favor of Meyers. The trial court found that Meyers was unaware of the exact amount of the obligation owed to Roberts and relied upon Marks' representations as to the amount owed at the time of their settlement. (Doc. No. 87). The trial court further determined that the amount of $237,504.22 (the amount warranted by Meyers to Marks as the amount owed to Roberts) was not the negotiated amount of the parties, but the amount that would have been owed had Marks made payments (to Roberts) in accordance with the Roberts Agreement. *Id.*

**{¶25}** The trial court further determined that Meyers had no direct knowledge at the time he entered into the Settlement Agreement with Marks as to the exact amount Marks had actually paid Roberts from December 29, 2005 through November 28, 2011 pursuant to the Roberts Agreement. *Id.* Meyers relied upon Marks' representation of the balance owed. *Id.*

**{¶26}** Further, the trial court determined that Marks' failure to pay Roberts precipitated Roberts into filing suit and obtaining a judgment against Marks and

Meyers in the amount of $323,794.90 plus interest at the rate of 3.5% per annum from February 5, 2014. *Id.*

**{¶27}** While there is some indefiniteness between the testimony of Marks and Meyers as to the amount of indemnification agreed to, "people must be held to the promises they make." *Kostelnik,* 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, at ¶ 17, quoting 1 *Corbin on Contracts*, Section 4.1, (Rev. Ed. 1993). In this regard, Marks agreed that the debt owed Roberts was $323,794.90, plus interest at the rate of 3.5% per annum (*see* Doc. No. 41). Marks was further aware, or should have been aware, that his payments to Roberts did not reduce the debt owed to Roberts to $237,504.22.[1] Rather, the trial court relied on competent and credible evidence to determine that the stated amount of $237,504.22 was not a negotiated indemnification amount (between Marks and Meyers) but merely the debt balance owed to Roberts if (Marks) had made all debt payments per his amortization schedule. (Doc. No. 87). Our appellate determination finds competent and credible evidence exists to support these findings and judgments by the trial court. This case was decided upon the credibility of witnesses and the trial judge was in the best position to make such a determination.

---

[1] We note that Marks and Meyers were aware that the debt owed to Roberts, as of September 2010, was in excess of $365,000 and no evidence was submitted to the trial court that Marks or Meyers reduced that debt to $237,504.22 by September, 2011.

-13-

{¶28} The record clearly reflects the factual findings of the trial court were based upon competent and credible evidence and that parol evidence played no part in such findings as the parties were not aware of the precise debt amount owed Roberts prior to or contemporaneous with the settlement. As such, the trial court correctly applied the law as to settlement agreements and to the facts and circumstances in this case. Marks' second assignment of error is overruled.

{¶29} Having found no error prejudicial to the Appellant herein in the particulars assigned and argued, we affirm the judgments of the trial court.

*Judgment Affirmed*

**PRESTON, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**