[Cite as *In re Estate of Stover*, 2022-Ohio-989.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY


ERIC EDWARD STOVER, SR.,

    PLAINTIFF-APPELLANT,             CASE NO. 16-21-03

    v.

TINA M. DOEPKER, EXECUTOR
OF THE ESTATE OF
HELEN S. STOVER, DECEASED,           O P I N I O N

    DEFENDANT-APPELLEE.


Appeal from Wyandot County Common Pleas Court
Probate Division

Trial Court No. 20181056A

Judgment Reversed and Cause Remanded

Date of Decision: March 28, 2022


APPEARANCES:

    *Howard A. Elliott* for Appellant

    *Dean Henry and Susan M. Jones* for Appellee

**SHAW, J.**

{¶1} Plaintiff-Appellant, Eric Edward Stover, Sr. ("Eric"), appeals a judgment of the Wyandot County Court of Common Pleas, Probate Division, dismissing his complaint against Defendant-Appellee, Tina M. Doepker, as Executor of the Estate of Helen S. Stover, deceased ("Executor"). For the reasons stated in this opinion, we reverse the dismissal of Eric's complaint for enforcement of the terms of a Last Will and Testament as it relates to a Contract to Purchase land.

*Background*

{¶2} On June 18, 2018, following the death of Helen S. Stover, the decedent ("Helen"), her Last Will and Testament ("Will") was admitted to probate and Tina M. Doepker, a daughter of Helen and sister to Eric, was appointed the Executor of Helen's Estate. Thereafter, on June 25, 2018, Attorney Jeffrey Whitman, on behalf of Eric, sent a letter to counsel for the Estate, Attorney Susan Jones, advising her that Eric desired to purchase the 56.5 acres of land pursuant to the Contract to Purchase between Eric and the decedent Helen, which was referenced in the SECOND and THIRD items of the Will, and that Eric would tender a check for the full balance of the purchase price of $74,000.00 as per the terms set forth in the SECOND item of the Will. (Plaintiff's Exhibit 4). Attorney Jones replied to Attorney Whitman on June 29, 2018, that the Contract to Purchase was not valid or enforceable. (Plaintiff's Exhibit 5).

-2-

**{¶3}** Thereafter, on March 12, 2019, Eric filed a complaint against the Executor seeking to have the Contract to Purchase specifically performed according to the terms of the Will and the Executor ordered to comply with the terms of the Will as it relates to the completion of this contract.[1] Claim I of the Complaint alleged that Eric desired to complete the Contract to Purchase by tendering a check for the full balance of the purchase price as per the terms of Helen's Will and that the Executor had wrongfully refused to complete the sale of the real estate to Eric as required by the Will. (Complaint at 4, Doc. No. 1). In her answer, the Executor requested the complaint be dismissed, and she also asserted several defenses, including the doctrine of laches.

**{¶4}** The present action eventually proceeded to a trial hearing before a Magistrate. Following the hearing on April 13, 2021, the magistrate recommended that Eric's complaint be dismissed. Eric filed preliminary objections to the magistrate's decision, which were later supplemented once the transcript from the hearing was filed. The Executor then filed a response. After addressing Eric's objections, the trial court adopted the magistrate's decision and dismissed his complaint. In particular, the trial court concluded that "the Magistrate did not err in determining that the Will's language did not create any enforceable rights

---

[1] Eric's complaint was voluntarily dismissed against three named siblings as heirs and subsequently dismissed against the Executor, individually. Thus, the Executor is the only party defendant to this appeal.

concerning land, for Eric to pursue." (Aug. 11, 2021 Judgment Entry at 5, Doc. No. 61).

{¶5} Eric has appealed, raising three assignments of error. Although Eric's assignments are more in the nature of propositions of law and contrary to the provision of Local Rule 7(A) of this Court, we will consider them as assignments of error.

### ASSIGNMENT OF ERROR NO. 1

**WHERE THE DECEASED'S LAST WILL AND TESTAMENT IS ADMITTED TO PROBATE AND ITS EFFECTIVENESS IS NOT CHALLENGED BY A WILL CONTEST, AN UNAMBIGUOUS BEQUEST IN SAID WILL MUST BE HONORED TO CARRY OUT THE STATED INTENT OF THE TEST[ATOR] [SIC].**

### ASSIGNMENT OF ERROR NO. 2

**THE EXECUTOR OF AN ESTATE HAS A FIDUCIARY DUTY TO THE BENEFICIARIES OF THE WILL THEY ARE ADMINISTERING AND THEY ARE OBLIGATED TO MAKE DISTRIBUTIONS IN ACCORDANCE WITH THE PROVISIONS OF THE WILL.**

### ASSIGNMENT OF ERROR NO. 3

**WHERE THE DELAY IN THE PERFORMANCE OF A CONTRACT IS NEITHER UNREASONABLE NOR UNEXPLAINED, AND DOES NOT RESULT IN MATERIAL PREJUDICE TO THE OTHER PARTY, THE DOCTRINE OF LACHES DOES NOT APPLY TO BAR ENFORCEMENT OF THE CONTRACT.**

*First and Second Assignments of Error*

**{¶6}** We elect to combine Eric's first and second assignments of error. In these assignments of error, Eric asserts he was entitled to enforcement of the provisions of the Will regarding the Contract to Purchase because the language in the SECOND Item of Helen's Will is clear and unambiguous in its reference to Helen's intentions regarding the completion of the purchase, and therefore, the Executor has a fiduciary duty to proceed with the sale of the property to him. Eric further argues that the trial court improperly considered extrinsic evidence in reaching its ruling that the Contract referred to in the Will was unenforceable and that the Executor was not required to honor its terms.

*I. The Contract to Purchase*

*Law*

**{¶7}** The construction and interpretation of contracts are matters of law subject to a de novo standard of review. *Roberts v. Marks*, 3d Dist. Henry No. 7-16-15, 2017-Ohio-1320, ¶ 11, citing *Langfan v. Carlton Gardens Co.*, 183 Ohio App.3d 260, 2009-Ohio-3318, ¶ 24 (3rd Dist.). Essential elements of a contract include " 'an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration.' " *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, ¶ 16, quoting *Perlmuter Printing Co. v. Strome, Inc.*, 436 F.Supp. 409, 414

(N.D.Ohio 1976). Additionally, "[a] meeting of the minds as to the essential terms of the contract is a requirement to enforcing the contract." *Kostelnik,* citing *Episcopal Retirement Homes, Inc. v. Ohio Dept. of Indus. Relations*, 61 Ohio St.3d 366, 369 (1991).

*Analysis*

**{¶8}** As an initial matter, we note Eric's testimony at the hearing was that Plaintiff's Exhibit 7 was an accurate copy, or duplicate, of the original Contract to Purchase between his mother and him. His further testimony was that he and his mother signed this Contract in Attorney Robert Beeler's office and Attorney Beeler notarized their signatures. Evid.R. 1003, "admissibility of duplicates," allows the admission of a duplicate unless a genuine question is raised about the authenticity of the original, or under the circumstances it would be unfair to admit the duplicate in lieu of the original. Over the Executor's objection, the copy of the Contract to Purchase was admitted into evidence at the hearing. In ruling on its admissibility, the magistrate found that the Executor did not sufficiently challenge the authenticity of the duplicate and that Eric's testimony of Exhibit 7 regarding the copy was credible.

**{¶9}** The Contract to Purchase was entered into on September 2, 2008, between Helen and Eric. At the time of the Contract, Helen had a one-half interest in approximately 56.5 acres of bare land located in Section Thirteen (13) of

Crawford Township, Wyandot County, Ohio, with her recently deceased husband owning the other one-half interest. As her husband's "sole heir," the Contract anticipated that Helen would be the owner of all 56.5 acres. Helen agreed to sell the acreage to Eric for the sum of $75,000.00. In a portion of the "Sellers Recitals" section, the Contract stated:

> **A Warranty deed to the full real estate share and fee simple ownership of the real estate shall be transferred to the Purchaser upon my receipt of full ownership in the real estate by certificate of transfer of the remaining one half (1/2) interest from my late husband's estate. Seller shall pay for any additional appraisal, legal and survey work which would be necessary to transfer the full legal interest in said property by Warranty deed.**

(Plaintiff's Exhibit 7).

{¶10} In the Contract's "Purchaser Recitals," it was stated therein as to Eric that:

> **I shall pay $1,000 in cash as down payment and upon execution of this contract and shall pay the remaining as follows:**
>
> **1.    $49,000.00 in a lump sum as soon as the Seller holds/obtains full legal title to the real estate and can transfer a Warranty deed to me as Purchaser.**
>
> **The remaining [$]25,000.00 shall be paid over five (5) years with $5,000.00 due with 4½% simple annual interest each year, starting upon the anniversary of my receipt of Warranty deed of Ownership of the real estate. I shall sign a note and mortgage with those terms upon receipt of the Warranty deed.**

*Id.*

{¶11} The Contract to Purchase clearly shows an offer and acceptance between Eric and Helen for the sale of 56.5 acres of land located in Section Thirteen (13) of Crawford Township, Wyandot County, Ohio for the purchase price of $75,000.00.  The Contract stated not only the essential term of price, but also that the parties had agreed on the timing of payments.  Eric paid a $1,000.00 down payment as acknowledged in the Contract.  Eric testified that this land was surveyed at the time of the execution of the Contract, but he could not find the survey.

{¶12} Further, we disagree with any argument by the Executor, based on the magistrate's decision, that a missing attachment referenced in the Contract to Purchase is detrimental to the Contract's validity.  Here, the Contract clearly and unambiguously stated that the purchase price was $75,000.00.  The Contract then explained Helen's belief that this price was a fair price for the land based on the following three reasons:  (1) it being poor tillable land, (2) no buildings or structures located on the land to enhance its value, and (3) the work and assistance her son, Eric, has done in the past for her late husband and herself in relation to the land and or financial matters.  This provision corroborates that Helen intended for the $75,000.00 contract purchase price to be sufficient consideration for the Contract.  While we acknowledge the allegation raised on appeal that a separate writing was not attached detailing some of the work and assistance provided by Eric for his parents, this allegation, standing alone, is not enough to open the door to extrinsic

evidence or to otherwise render the Contract invalid, where all of the essential terms of a Contract to Purchase, including sale price, property description, identification and signature of the parties, and terms of payment, are unambiguous and contained within the four corners of the written contract.

{¶13} Moreover, contrary to the arguments of the Appellee, we conclude that the existence and validity of this Contract to Purchase is sufficiently corroborated by the terms, such as parties, acreage and overall sale price, that are cross-referenced in the Will, as well as by the introduction of the Contract into evidence, and finally by the testimony of Attorney Scheck to the effect that on or about the time Helen and one of her daughters were discussing the making of Helen's Will, that Eric had arrived at Attorney Scheck's office and showed Attorney Scheck a copy of the Contract to Purchase.

## II. Construing the Will

### Law

{¶14} " 'It is well settled that the construction of a will is a question of law, and thus, we will apply a de novo standard of review.' " *In re Estate of Gaskill*, 3d Dist. Allen No. 1-19-15, 2019-Ohio-4936, ¶ 8, quoting *In re Estate of Stockmaster*, 3d Dist. Seneca No. 13-10-43, 2011-Ohio-3006, ¶ 13 (citations omitted). In the construction of a will, " 'the sole purpose of the court should be to ascertain and carry out the intention of the testator.' " *Polen v. Baker*, 92 Ohio St.3d 563, 565,

2001-Ohio-1286, quoting *Oliver v. Bank One, Dayton, N.A.*, 60 Ohio St.3d 32, 34 (1991) (citations omitted). This intent is to be ascertained from the words used in the will. *Polen.* The words used in the will, " ' "if technical, must be taken in their technical sense, and if not technical, in their ordinary sense, unless it appear(s) from the context that they were used by the testator in some secondary sense." ' " *Id.,* quoting *Ohio Natl. Bank of Columbus v. Adair*, 54 Ohio St.2d 26, 30 (1978), quoting *Townsend's Exrs. [v. Townsend]*, 25 Ohio St. 477 [(1874)], paragraph three of the syllabus. " 'All the parts of the will must be construed together, and effect, if possible, given to every word contained in the will.' " *In re Estate of Gaskill* at ¶ 8, quoting *Bogar v. Baker*, 7th Dist. Mahoning No. 16 MA 0138, 2017-Ohio-7766, ¶ 14, citing *Townsend's Exrs.* at paragraph four of the syllabus.

{¶15} "If the language of the will is clear and unambiguous, the testator's intent must be ascertained from the express terms of the will itself." *In re Estate of Stockmaster* at ¶ 14, citing *Domo*, 66 Ohio St.3d at 314. Extrinsic evidence may be considered to determine the testator's intent only when the language used in the will creates doubt as to the meaning of the will. *In re Estate of Stockmaster*, citing *Oliver,* 60 Ohio St.3d at 34.

*The Will*

{¶16} As relevant to this appeal, the Last Will and Testament executed by Helen on February 19, 2015, provides:

I, **HELEN S. STOVER, of 10046 Twp. Hwy. 18, Carey, County of Wyandot, State of Ohio, being of sound mind and memory, do make, publish and declare this my LAST WILL and TESTAMENT, in manner following, that is to say:**

**\* \* \***

**SECOND:** **There may exist a purchase contract between myself and my Son, ERIC EDWARD STOVER SR., dated September 2, 2008 for his purchase of 56.5 acres, more or less. Should the purchase not be completed at the time of my death, I direct my Executor and heirs to abide by the stated purchase price; however, I do not anticipate nor expect my Estate to be held open to accommodate an installment purchase. Should the contract not be completed at the time of my death, and should ERIC EDWARD STOVER SR. choose to purchase the real estate thereunder, the terms shall be cash. Should he decide not to purchase the real estate, the contract shall be cancelled without penalty.**

**THIRD:** **I GIVE, DEVISE AND BEQUEATH the real estate in my name, consisting of 71.55 acres more or less in Crawford Township, Wyandot County, Ohio, to the following individuals in the following manner, subject however to the right of purchase noted in Paragraph "Second" herein:**

a) **to ERIC EDWARD STOVER SR. and NELSON E. STOVER, JR., the field and pond consisting of approximately 9 acres;**

b) **to JODY L. STOVER, the house trailer and approximately 1.58 acres of land that it sits on as depicted by a survey filed with the Wyandot County Tax Map Office in December 2008;**

c) **to LISA A. PUTNAM and TINA M. DOEPKER, the house and buildings and the real estate on which they sit, consisting of approximately 5 acres on the North side of Township Highway 18;**

d) **to JODY L. STOVER, NELSON E. STOVER, JR., LISA A. PUTNAM, TINA M. DOEPKER, and ERIC EDWARD STOVER SR. equally, the balance of the farm remaining**

> **after the transfers in this paragraph a, b, and c have been made.**
> **Should the right of purchase noted in Paragraph "Second" be exercised, then the provisions of this item "Third" that are in conflict therewith shall lapse.**

(Plaintiff's Exhibit 1)

*Analysis*

**{¶17}** Helen's Will in Item "SECOND" not only incorporates the "Purchase Contract" between Helen and her son, Eric, by reference, but it refers to specific details of the Contract, including the identity of the parties, the date of the Contract, and the amount of the acreage. In addition, Helen's Will makes numerous references to the purchase and gave her Executor specific instructions regarding that purchase. These specific instructions to her Executor provide evidence of her intentions. Further, Helen addressed Eric's right to purchase in Item "SECOND" of the Will, and then referenced that provision in her Will regarding Eric's right of purchase when distributing the balance of her real estate.

**{¶18}** Additional support for enforcing this purchase provision of the Will is the fact that there was no will contest after the Will was admitted to probate in this case by the heirs. As stated by the Ohio Supreme Court in *Zuendel v. Zuendel*, 63 Ohio St.3d 733, 737 (1992), "[a]bsent a successful will-contest action, the executor's duties are to administer the estate and distribute the assets in accordance with the terms of the will."

*Conclusion*

**{¶19}** Helen's Will addressed Eric's right to purchase in Item "SECOND" and "THIRD" of the Will. His payment terms as specified in the Will were "cash" (not by an installment purchase). It is clear that Eric timely attempted to present his cash lump sum payment to purchase the real estate when his attorney sent the letter to Attorney Jones. Thus, Eric's actions show that he is ready and willing to purchase the real estate as required by Helen's Will.

**{¶20}** Accordingly, pursuant to the plain language of Helen's Will, Eric presented his intention to exercise his right of purchase. As demonstrated above, there is no basis for the Executor to refuse to execute and enforce Helen's intentions as expressed in the Will and in the Contract to Purchase, with regard to the sale of this real estate to Eric. As a result, we find that the trial court erred in dismissing Eric's complaint for enforcement of the sale of the real estate according to Helen's Will. The Executor is required to comply with the terms of the Will as it relates to the sale of the 56.5 acres of land for the lump sum amount of $75,000, less the $1,000 down payment, pursuant to the Will and the Contract to Purchase which was incorporated by reference into the Will, and independently introduced into evidence in this case.

**{¶21}** For the foregoing reasons, Eric's first and second assignments of error are sustained.

**{¶22}** Having found that the trial court erred in dismissing Eric's complaint, the third assignment of error becomes moot and need not be addressed by the Court. *See* App.R. 12(A)(1)(c).

**{¶23}** The judgment of the Wyandot County Court of Common Pleas, Probate Division, is reversed, and the matter is remanded for further proceedings consistent with this decision.

*Judgment Reversed and*
*Cause Remanded*

**ZIMMERMAN, P.J. and MILLER, J., concur.**

**/jlr**