[Cite as *Champion Waterproofing, Inc. v. RWC Rentals*, 2026-Ohio-2259.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| CHAMPION WATERPROOFING, INC., | **CASE NO. 2025-T-0067** |
| Plaintiff-Appellee, | Civil Appeal from the Court of Common Pleas |
| - vs - | |
| RWC RENTALS, et al., | Trial Court No. 2023 CV 00336 |
| Defendants-Appellants. | |

## OPINION AND JUDGMENT ENTRY

Decided: June 15, 2026
Judgment: Reversed; remanded

*Thomas E. Lyden*, James E. Lanzo, L.L.C., 4126 Youngstown-Poland Road, Youngstown, OH 44514 (For Plaintiff-Appellee).

*James J. Crisan*, Martin F. White Co., L.P.A., 156 Park Avenue, N.E., P.O. Box 1150, Warren, OH 44482 (For Defendants-Appellants).


EUGENE A. LUCCI, J.

{¶1} Appellants, RWC Rentals and its owner, Robert Cregar, (collectively "RWC"), appeal the judgment granting the motion of appellee, Champion Waterproofing, Inc. ("Champion"), to enforce a settlement agreement. We reverse the judgment and remand this matter to the trial court to enter judgment denying Champion's motion to enforce the settlement agreement.

{¶2} In 2022, Champion commenced the underlying action by filing a complaint in the Mahoning County Court of Common Pleas, seeking payment for work it had performed on RWC's rental property. Thereafter, the case was transferred to the Trumbull

County Court of Common Pleas ("the trial court") on Champion's motion, and the matter was set for mediation. During mediation, the parties reached an agreement.

{¶3} On December 15, 2023, the parties executed a written settlement agreement requiring RWC to pay $10,000 to Champion Waterproofing, with $5,000 due immediately upon signing, and $5,000 to be held in trust. The parties agreed that Champion would perform certain work, including attaching window wells, remedying electrical work, trenching and burying a drainpipe, and running pipes to a basin. The agreement specifically provided that the work would not be warrantied upon completion due to Champion's belief that the buried drainpipe would fail and the basement would flood.

{¶4} On August 1, 2024, the case was dismissed with prejudice, subject to the continuing jurisdiction of the trial court to enforce the settlement agreement.

{¶5} On October 28, 2024, Champion filed a motion to enforce the settlement agreement, arguing that it had completed the work as agreed, but RWC failed to pay the remaining $5,000 due.

{¶6} On August 25, 2025, the trial court held an evidentiary hearing on the motion. Thereafter, the court issued an entry stating that, although the drain pipe was not buried to the depth that RWC had wanted, the settlement agreement contained no terms as to the depth of the pipe. The court granted Champion's motion to enforce the agreement and ordered RWC to remit payment of the remaining $5,000 to Champion within seven days.

{¶7} On October 1, 2025, RWC noticed this appeal and now raises one assigned error for our review. In the sole assigned error, RWC argues:

Case No. 2025-T-0067

{¶8} "The trial court committed reversible error by granting Plaintiff's Motion to Enforce Settlement Agreement."

{¶9} The standard of review applied to a ruling on a motion to enforce a settlement agreement depends upon the issue being raised. *Thirion v. Neumann*, 2005-Ohio-4486, ¶ 14 (11th Dist.). Where the issue pertains to interpretation of the agreement or other issues of contract law, we review the trial court's judgment de novo. *See N.E. Cable Television Sys. v. Pantalone*, 2011-Ohio-6840, ¶ 8 (11th Dist.); *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.*, 1996-Ohio-158, ¶ 6; *Savoy Hosp., L.L.C. v. 5839 Monroe St. Assocs., L.L.C.*, 2015-Ohio-4879, ¶ 24 (6th Dist.).

{¶10} Here, RWC does not challenge the trial court's interpretation of the agreement, but, instead, maintains that the evidence did not support judgment in favor of Champion. Civil judgments may be challenged as lacking sufficient evidence or as being against the manifest weight of the evidence under the same standards used in criminal cases. *Eastley v. Volkman*, 2012-Ohio-2179, paragraph two of the syllabus. "In a civil case, in which the burden of persuasion is only by a preponderance of the evidence, rather than beyond a reasonable doubt, evidence must still exist on each element (sufficiency) and the evidence on each element must satisfy the burden of persuasion (weight)." *Id.* at ¶ 19.

{¶11} "Sufficiency" of the evidence is "'a term of art meaning that legal standard which is applied to determine . . . whether the evidence is legally sufficient to support the . . . verdict as a matter of law.'" *State v. Thompkins*, 1997-Ohio-52, ¶ 23, quoting *Black's Law Dictionary* (6th Ed. 1990). The reviewing court determines, after viewing the evidence in a light most favorable to the plaintiff, "whether a rational trier of fact could have found

Case No. 2025-T-0067

the essential elements proven to the requisite degree." *Riley v. Kavanaugh*, 2024-Ohio-5765, ¶ 21 (11th Dist.).

{¶12}   The "[w]eight of the evidence concerns 'the inclination of the *greater amount of credible evidence . . .* to support one side of the issue rather than the other.'" (Emphasis added in *Thompkins.*) *Thompkins* at ¶ 24, quoting *Black's*. When considering challenges to the weight of the evidence, an appellate court reviews "'the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.'" *Thompkins* at ¶ 25, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983).

{¶13}   Here, Champion, as the party seeking to enforce the settlement agreement, bore "the burden to prove, by a preponderance of the evidence, all of the elements of a claim for breach of a settlement agreement." (Citations omitted.) *Rondy, Inc. v. Goodyear Tire Rubber Co.*, 2004-Ohio-835, ¶ 7 (9th Dist.). "'Those elements include the existence of a [settlement agreement], performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff.'" *Id.* at ¶ 7, quoting *Doner v. Snapp*, 98 Ohio App.3d 597, 600 (2d Dist. 1994).

{¶14}   Applying these principles to the present case, there is no dispute that the parties entered into a settlement agreement. There is also no dispute that the terms of the agreement included that Champion was "to attach window wells, remedy electrical wire in area of prior work, [and] trench [and] bury drain line." Instead, RWC maintains that Champion failed to prove that it performed its responsibilities under the agreement. In

Case No. 2025-T-0067

support, RWC first argues that Champion failed to put forth any proof that it completed the electrical work.

{¶15} At the evidentiary hearing, on the issue of the electrical work, counsel for Champion asked Champion's president, Howard Alexander, "Did we remedy the electric wire in the area of prior work?" Alexander responded, "That I can't recall. It's been a year and a half since we've done that." Alexander repeated during cross-examination and redirect examination that he could not recall if the electrical work had been completed. Alexander indicated that RWC has never called Champion for service or to complain since entering into the settlement agreement.

{¶16} Further, at the hearing, in support of RWC, Cregar testified that Champion had not performed the work required of it under the settlement agreement. Specifically, with regard to the electrical repair, on cross-examination, Cregar stated that he did not believe that the electrical work had been completed.

{¶17} In its ruling on the motion to enforce the settlement agreement, the trial court did not address the provision of the settlement agreement requiring Champion to "remedy electrical wire in area of prior work. . . ." RWC maintains that, as no evidence was presented on this material term of the agreement, the trial court erred in granting the motion to enforce.

{¶18} Champion responds that, although Alexander could not recall whether the electrical work was done, the trial court could reasonably infer it was completed because the evidence demonstrated that Champion had performed work pursuant to the settlement agreement, and RWC did not contact Champion to demand the electrical work be completed.

Case No. 2025-T-0067

{¶19} It is well settled that circumstantial and direct evidence hold the same probative value. *State v. Jenks*, 61 Ohio St.3d 259 (1991); *State v. Seymour*, 2026-Ohio-1249, ¶ 18. Circumstantial evidence may be defined as ""proof of facts by direct evidence from which the trier of fact may infer or derive by reasoning other facts in accordance with the common experience of mankind. . . ."" *Seymour* at ¶ 18, quoting *State v. Roberts*, 2025-Ohio-5120, ¶ 140, quoting *State v. Griffin*, 13 Ohio App.3d 376, 377 (1st Dist. 1979).

{¶20} Thus, Champion was not required to put forth direct evidence of completion of the electrical work. However, if Champion intended to rely on circumstantial evidence to meet its burden of proving that it performed this aspect of the agreement, the trial court must have been able to infer from this evidence, in accordance with common experience, that the electrical work had been completed.

{¶21} However, the only evidence on which Champion relies that was presented at the hearing consists of evidence that (1) certain work involving the drain had been performed at the property following the settlement agreement, and (2) RWC did not contact Champion to complain about the work being incomplete. It cannot be rationally inferred from this evidence that Champion completed the electrical work in accordance with the agreement. Common human experience does not indicate that all required work under an agreement will be performed at the same time, nor does common experience suggest that a party will likely contact another to complain of incomplete performance under an agreement where, as here, RWC was not required to release the remaining $5,000 prior to completion of the work. To reach a conclusion that the electrical work *had been* completed in this case would require the court to stack inferences or engage in

Case No. 2025-T-0067

speculation. *Compare Motorists Mut. Ins. Co. v. Hamilton Twp. Trustees*, 28 Ohio St.3d 13, 17 (1986).

{¶22} As no evidence was presented on this aspect of the agreement, Champion failed to meet its burden of production on the element of its claim that it had performed its duties under the settlement agreement. Therefore, the trial court's ruling on the motion to enforce the settlement agreement lacked sufficient evidence, and thus it erred as a matter of law. As RWC is entitled to judgment on this basis, we need not reach any further issues raised by RWC, as they have been rendered moot. *See* App.R. 12(B).

{¶23} Based on the foregoing, RWC's sole assigned error has merit.

{¶24} The judgment of the trial court is reversed, and this matter is remanded to the trial court to enter judgment denying Champion's motion to enforce the settlement agreement.

MATT LYNCH, P.J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-T-0067

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's sole assignment of error has merit. It is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this opinion.

Costs to be taxed against appellee.

_____
JUDGE EUGENE A. LUCCI

_____
PRESIDING JUDGE MATT LYNCH,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---